**WATSON et al. v. UNITED STATES.**

(Circuit Court of Appeals, Third Circuit. July 22, 1925.)

No. 3252.

1. **Criminal law** ⊕⇒394—**Testimony, based on knowledge of contents of papers illegally seized, should have been excluded.**

In prosecution for violation of Prohibition Law, where United States commissioner had seen defendant's private papers, illegally taken after their arrest, and knew their contents, his testimony concerning initials on receipt, based on information first secured from those papers, should have been excluded, under Const. Amend. 4, though by reason of such information he had obtained an admission of one defendant that the initials were his.

2. **Witnesses** ⊕⇒268(2) — **Refusal to allow cross-examination showing that source of witness' information was secured illegally held error.**

In prosecution for violation of Prohibition Law. (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), where papers containing incriminating evidence were taken illegally, refusal to allow cross-examination to show that those papers were source of witness' information, as predicate for striking testimony, *held* error.

In Error to the District Court of the United States for the District of New Jersey; Joseph L. Bodine, Judge.

Frederick Watson and another were convicted of violation of Prohibition Law, and

they bring error. Reversed, and new trial granted.

Maja Leon Berry, of Toms River, N. J., and George E. Cutley, of Jersey City, N. J., for plaintiffs in error.

Walter G. Winne, U. S. Atty., of Hackensack, N. J.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. An indictment containing five counts was filed in the District Court against Frederick Watson and Conrad Nicoliasen. In the first count, they were charged with conspiracy to import intoxicating liquor into the United States; in the second count, with importing intoxicating liquor into the United States; in the third count, with facilitating the transportation of intoxicating liquor from some point in the Atlantic Ocean at Barnegat Inlet to Clam Island in Barnegat Bay; in the fourth count, with conspiracy to transport intoxicating liquors on waters of the United States; and in the fifth count, with transporting intoxicating liquor about waters of Barnegat Bay. They were tried, found guilty as charged, and sentenced to a term of imprisonment in the federal prison at Atlanta, Ga.

The case was brought here on defendants' writ of error. There are 20 assignments of error, but we think it unnecessary to discuss any, except the eleventh and twelfth, which seem to us meritorious. When the defendants were arrested, or shortly thereafter, their private papers were taken from them and turned over to Mr. A. H. Reynolds, prohibition agent. Among these was Watson's pocket book, in which were private papers containing important information for the prosecution. On application seasonably made, Judge Lynch directed that they be returned, and that the information they contained be suppressed.

[1] The late Judge William H. Jeffrey, United States commissioner, issued the warrants for the arrest of the defendants, and was present when they were arrested. He saw these private papers, and knew their contents. After the defendants were taken to Toms River, he had them brought before him again and again, and through persistent efforts secured statements from them. While he was testifying about certain initials which were on a receipt, objection was made to his testimony on the ground that it was based on information which he had secured from these papers. The objection was overruled, apparently on the ground that Nicoliasen had made certain statements about the receipt in response to questions of Judge Jeffrey at the time the confession was secured. The case of Weeks v. United States, 232 U. S. 383, 34 S. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177, established that private papers illegally seized could not be used before a federal grand jury. The Fourth Amendment, however, requires that evidence so secured shall not be used, not simply before the court, but not at all. The government may not avail itself of knowledge obtained by its own wrong doing. If it learned of this receipt through its illegal seizure, it could not use this information to extort from Nicoliasen the statement that the initials were his, and then make his statement the basis of the admission in evidence. Silverthorne Lumber Co. v. United States, 251 U. S. 385, 40 S. Ct. 182, 64 L. Ed. 319. The objection was valid, and should have been sustained.

[2] Under cross-examination, Judge Jeffrey was asked: "Now, when Mr. Reynolds appeared on the scene, he brought with him this pocketbook of Mr. Watson's containing the private papers, didn't he?" An objection was made to this question and was sustained. Judge Berry, counsel for defendants, stated that he proposed to show, and could show, that when Mr. Reynolds appeared on the scene he brought these papers, that they were the source of the witness' information, and that by this question he was laying a foundation to strike out the testimony on that ground. Whether he would have succeeded or failed is beside the question here. Whatever the result might have been, he had the right to show it if he could, and if he had succeeded the testimony should have been stricken out. Legman v. United States (C. C. A.) 295 F. 474. The question was proper, and the objection should have been overruled.

The defendants contend that Judge Jeffrey was the star witness for the government, and that most of the testimony on which it relied to support its case was given by him. These errors are therefore not technical, but substantial.

The judgment is reversed, and a new trial granted.