### MAHONEY v. UNITED STATES.

Circuit Court of Appeals, Fourth Circuit.
June 12, 1928.

No. 2704.

1. **Witnesses** ⊙⟿319, 380(2)—Accused, taking witness stand, may be examined regarding admissions and contradictory statements he may have made, and regarding matters affecting credibility.

Accused, who offers himself as witness, occupies same position as any other witness, and may be examined as to any admissions he may have made, as well as to contradictory statements, and he may be examined generally as to all matters affecting his credibility.

2. **Witnesses** ⊙⟿406—Evidence obtained by unlawful search, not admissible in chief, cannot be used on rebuttal to contradict accused's testimony (Const. Amend. 4).

In liquor prosecution, evidence obtained by an unlawful search, not admissible in chief, could not be used on rebuttal for purpose of contradicting defendant's evidence that she had not had whisky in her house, since the evidence, being unlawfully obtained, was incompetent, because it violated Const. Amend. 4, and could not be admitted by indirect method.

In Error to the District Court of the United States for the Southern District of West Virginia, at Huntington; Elliott Northcott and George W. McClintic, Judges.

Glenna Mahoney was convicted of the unlawful sale of liquor, and brings error. Reversed.

J. Raymond Gordon, of Charleston, W. Va., for plaintiff in error.

James Damron, U. S. Atty., of Huntington, W. Va. (Lawrence L. McClure, Asst. U. S. Atty., of Huntington, W. Va., on the brief), for the United States.

Before WADDILL and PARKER, Circuit Judges, and GRONER, District Judge.

GRONER, District Judge. The plaintiff in error, who was defendant below, was convicted of the unlawful sale of liquor, and sentenced to six months' imprisonment in the county jail. The evidence on which the government relied to secure a conviction was given by an "informer," who was sent by prohibition officers to the residence of the defendant and returned with a pint of whisky, which he delivered to the officers with the statement that he had purchased it from the accused. He testified he had no difficulty in effecting the purchase. The defendant was sworn as a witness in her own behalf, and denied the sale of the liquor to the government witness. On cross-examination she was asked by the district attorney if, after the sale which the government witness testified she had made to him, other government officers had not gone into her house and found liquor there. This she also denied.

In rebuttal, the government offered evidence to prove that in a search of the defendant's residence, which the prohibition officers had made shortly after the return of the "informer" with the pint of whisky, they had found a quantity of other whisky concealed in her storeroom. Admittedly the search was made without warrant of arrest or search warrant, and was clearly illegal, and had been so determined by the District Court on a preliminary motion to suppress. It was, however, admitted in rebuttal, over the defendant's objection, as stated by the court below, only for the purpose of contradicting the defendant's evidence that she had not had the whisky in her house.

[1, 2] The question, therefore, which we have to decide, is whether evidence obtained by an unlawful search, not admissible in chief, may be used on rebuttal for the purpose of contradiction. Undoubtedly a person accused of crime, who offers himself as a witness, occupies precisely the same position as any other witness, and may be examined as to any admissions he may have made, as well as to any contradictory statements, and he may be examined generally as to all matters which affect his credibility, and, where the matter about which the accused is examined has direct relation to the charge on which he is being tried, it is, of course, competent to introduce evidence in contradiction; but it would be going very far to say that the rule ought to be extended to the point of allowing, under this guise, the admission of evidence which the court had already declared to be incompetent on the ground that it violated the Fourth Amendment, for it would be in effect to allow by an indirect method what admittedly could not be done by a direct method, and this the courts should be vigilant to oppose, "nor can it be tolerated under our constitutional system, that evidences of crime discovered by a federal officer in making a search without lawful warrant may be used against the victim of the unlawful search, where a timely challenge has been interposed." Byars v. United States, 273 U. S. page 28, 47 S. Ct. 248, 71 L. Ed. 520. And this applies equally at all stages of the trial. Silverthorne v. U. S., 251 U. S. 390, 40 S. Ct. 182, 64 L. Ed. 319; Watson v. U. S. (C. C. A.) 6 F.(2d) 870.

In the case at bar, the evidence of the commission of the offense was wholly given by a witness who was himself a persistent violator of the liquor laws. As between his evidence and that of the defendant, the jury might very well have had a reasonable doubt; but, when his evidence was sought to be supplemented by that of the prohibition officer obtained by an illegal search, the prejudice of the rights of the accused was substantial, and in our opinion constituted error, for which the judgment below should be reversed.

Reversed.