Albert HUERTA, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 18388.

United States Court of Appeals
Ninth Circuit.

Aug. 23, 1963.

Rehearing Denied Sept. 27, 1963.

David C. Marcus, Los Angeles, Cal., for appellant.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief, Criminal Section; and Russell R. Hermann, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before CHAMBERS and KOELSCH, Circuit Judges, and MacBRIDE, District Judge.

KOELSCH, Circuit Judge.

Appellant and three other defendants were tried together and appellant was

1

convicted on four counts of dealing in marihuana in violation of 21 U.S.C. § 176a.

Counts One and Two of the indictment charged that on May 16, 1962 appellant and one Clifford Johnson unlawfully received, concealed, sold and facilitated the transportation and concealment of marihuana. Counts Three and Four charged appellant, Johnson, and two other defendants, Evaristo D. Cota, and Carlos Flores, with the commission of similar offenses on May 30, 1962. The indictment contained a fifth count which concerned only Cota and Flores and was based on events which occurred on June 1, 1962.

Appellant was arrested on May 30, 1962. Shortly afterwards he was induced by the arresting officers to make a full statement of his illicit activities and to cooperate with them in apprehending his suppliers. It was through appellant's aid as a "special employee" of the government that Cota and Flores were arrested and charged with the violations which were the subject of the fifth count of the indictment.

Immediately before the trial commenced appellant moved that he be dismissed from the indictment on the ground that the officers had promised him leniency in return for his assistance. He urged the court to "exercise the supervisory powers that this Court has in the administration of criminal justice" and, "in the interest of justice," dismiss the charges against him. In supporting affidavits appellant and his wife stated that a federal agent, Harry Watson, had promised appellant leniency in return for his cooperation; specifically, that Watson would see to it that if appellant cooperated he would "get a plea on a tax count" [1] and be released on probation. By counter-affidavit Watson denied that he had made any such statement or given any promise; that, in fact, he told appellant, "I could not promise him anything but that if he helped me there might be a possibility he could get the minimum penalty, but that all I could do would be to call to the attention of the prosecuting attorney that he had been cooperative."

Following a hearing appellant's motion was denied and the case proceeded to trial. From the ensuing conviction the appellant takes this appeal, arguing alternatively for (1) dismissal of the indictment, or (2) reversal of the judgment.

1. *Dismissal of the Indictment.*

■ We think it improbable that a promise of leniency was made, but agree with the trial judge that it makes no difference. Such a promise constitutes no more than "an equitable title to the mercy of the executive," and cannot be pleaded in bar of an indictment. United States v. Ford, "Whiskey Cases," 99 U.S. 594, 25 L.Ed. 399 (1878).

■ Appellant states in his brief that he "wonders" how much of his full statement supplied the officers with evidence used against him before the grand jury. But at the hearing on his motion, appellant offered no proof that his statement or evidence obtained from his statement was presented to the grand jury. As the trial judge remarked, appellant is "caught more or less in the situation of urging that the Government has been unfair because these things happened, and later an indictment took place." Unsupported suspicions, that direct or derivative use may have been made by a grand jury of incompetent evidence, will not vitiate an indictment. See Lawn v. United States, 355 U.S. 339, 78 S.Ct. 311, 2 L.Ed.2d 321 (1958).

2. *Reversal of the Judgment.*

■ This case is unlike Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963), where the conviction of one James Wah Toy was based upon incriminating statements he

[1]. It appears that a "tax count" is one laid under 26 U.S.C. § 4744; that section carries a less severe penalty than 21 U.S.C. § 176a and, in addition, permits the court to grant probation, which the latter does not.

had made during an unlawful invasion of his home by federal agents. The Supreme Court reversed Toy's conviction, but was careful to point out, "Of course this does not mean that the facts thus obtained become sacred and inaccessible. If knowledge of them is gained from an independent source they may be proved like any others * * *." Id. at 485, 83 S.Ct. at 416, quoting from Silverthorne Lumber Co. v. United States, 251 U.S. 385, 392, 40 S.Ct. 182, 64 L.Ed. 319 (1920). See also, Nardone v. United States, 308 U.S. 338, 60 S.Ct. 266, 84 L.Ed. 307 (1939); Ramirez v. Lozoya, 253 F.2d 85 (9th Cir. 1958), cert. denied, 357 U.S. 941, 78 S.Ct. 1391, 2 L.Ed.2d 1554 (1958). In the case at bar neither appellant's statement nor evidence derived from his statement was before the jury. The prosecution's case consisted entirely of the testimony of federal and state narcotics agents regarding their personal observation of appellant's illegal activities on May 16 and May 30—observations which were made days before the statement was secured.

Appellant urges that the trial court committed error in the admission of certain evidence. Watson testified concerning three instances when he urged appellant to help himself by cooperating in making a case against Cota and Flores; also evidence was introduced that appellant did assist the government agents. Appellant's contention is that the fact that he cooperated, coupled with Watson's requests, constituted an implied admission of guilt upon which the jury may have relied in arriving at its verdict.

However, appellant objected to the testimony of Watson's first request and moved that it be stricken. The motion was granted and the court directed the jury to disregard the testimony; we think that any harm was thus avoided.

Appellant did not object to the testimony of the other two occasions on which Watson requested his assistance, therefore he cannot be heard to complain of error now. Hill v. United States, 261 F.2d 483 (9th Cir. 1958).

This is not a situation where prejudice from the evidence was great—appellant's actions were, at most, weak indicators of guilt. The outcome of trial can never be predicted with certainty and even the innocent may vie for favor of the prosecution and the leniency of the court. As we have often stated, "an appellate court will not consider matters which are alleged as error for the first time on appeal, except where the evidence complained of, in light of all the facts, so improperly prejudiced appellant in the eyes of the jury as to deny him a fair trial." Id. at 489.

No ground for reversal appearing, the judgment is affirmed.