UNITED STATES of America,
Plaintiff-Appellee,

v.

George Washington DURHAM,
Defendant-Appellant.

No. 24572.

United States Court of Appeals
Ninth Circuit.

Nov. 12, 1969.

Gerald R. Pullen (argued), Portland, Or., for defendant-appellant.

Jack Cullen (argued), Jack Collins, Asst. U. S. Attys., Sidney I. Lezak, U. S. Atty., Portland, Or., for plaintiff-appellee.

Before JERTBERG, BROWNING, and HUFSTEDLER, Circuit Judges.

PER CURIAM.

Defendant was retried following the reversal reported in Durham v. United States, 403 F.2d 190 (9th Cir. 1968), and was again convicted. His sole contention on this appeal is that the discovery of the wallet on May 7 was the fruit of an unlawful search conducted two days earlier. There is nothing in the present record, however, to change our conclusion on the prior appeal that "[i]f the unlawful search or questioning of appellant [on May 5] contributed in any degree to the ultimate seizure of his wallet, its role must be considered de minimis." *Id.* at 196.

Defendant points out that, but for the negligence of the government agents, the wallet would have been found in the unlawful May 5 search, and would have been subject to suppression. He argues that to admit the wallet in evidence therefore enables the government to take advantage of its "own wrong" (Silverthorne Lumber Co. v. United States, 251 U.S. 385, 392, 40 S.Ct. 182, 64 L.Ed. 319 (1920)), namely, its failure to conduct the unlawful search of May 5 effectively.

The contention is without merit. The "wrong" to which Justice Holmes referred in *Silverthorne* was a search which violated the defendant's Fourth Amendment rights. The exclusionary rule is not applicable to the wallet because it was not discovered as a result of such a violation.

Affirmed.