Commonwealth *v.* Johnson, Appellant.

230

Argued April 24, 1970. Before BELL, C. J., COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*J. Michael Williamson*, Public Defender, for appellant.

*Bernhard Dohrmann*, District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, October 9, 1970:

On May 1, 1968, appellant, Lee Port Johnson, Jr., was found guilty by a jury of burglary, larceny and receiving stolen goods. His post-trial motions were denied; the Superior Court affirmed, with Judge MONT-GOMERY filing a dissenting opinion in which Judge HOFFMAN joined; we granted allocatur.

Having examined the record carefully, we believe that only one issue raised by the appellant merits discussion: the same issue which prompted Judge MONT-GOMERY to write his dissenting opinion in the Superior Court. The facts surrounding this issue are as follows:

The testimony showed that the appellant and an accomplice, Robert H. Miles, who was the principal witness against him, broke into the Harder Sporting Goods store in Lock Haven on December 18, 1967, where they stole three handguns, a rifle, a quantity of shells and other items. One of the handguns was a Derringer.

On January 9, 1968, appellant was arrested in Hollidaysburg, Blair County, Pennsylvania, in response to an arrest warrant issued out of Clinton County. On January 10, 1968, appellant made certain statements which led to the discovery of a .22 Derringer pistol by the Pennsylvania State Police. On April 23, 1968, after indictment and appointment of counsel, appellant filed an application for the suppression of evidence in which he requested in particular that certain physical evidence, including the .22 Derringer, be declared the fruit of an unconstitutionally elicited statement and that such physical evidence be suppressed and prohibited from being introduced at trial. A hearing on the suppression application was held on April 26, 1968. Although the court made certain findings of fact, no decision on the application itself was reached.

At the trial commencing April 30, 1968, after most of the Commonwealth's case had been presented, including the testimony of Robert D. Smith, Robert H. Miles, and Theron Rosalie Heflin, the court ordered the .22 Derringer suppressed, as well as the statement made to the trooper as to the whereabouts of the gun because the statement had been made without the proper *Miranda* warnings.

Appellant contends that the various references made to the .22 Derringer by the district attorney, the Commonwealth's witnesses and the court itself, were introduced into evidence in violation of Rules 2000 and 2001 of the Pennsylvania Rules of Criminal Procedure and thus require a new trial. Rule 2001 of the Rules of Criminal Procedure reads, in part, as follows: ". . .

Any person aggrieved by an illegal search and seizure may apply to the Court of Quarter Sessions of the seizure or prosecution county for the return of the property and to suppress for use as evidence anything so obtained, subject to the limitations herein provided. . . . If, after hearing or argument on the application, the court determines that: (1) the property was seized or evidence obtained in violation of law; (2) Any warrant issued for the search and seizure of the property was insufficient on its face or was issued without probable cause or was illegally executed; and (3) The applicant was the person aggrieved, it shall forthwith direct that the property not be admitted into evidence at any hearing or trial and enter an appropriate order pertaining to the return or any other disposition thereof."

Rule 2000(c) defines "Shall not be admitted into evidence" as meaning: ". . . [N]ot only the physical property shall not be admitted into evidence, but that no copy, photograph, reproduction, description or replica of said property may be admitted into evidence and no testimony or comment shall be received respecting the same."

We do not agree with the appellant's contentions. Rule 2001, upon which appellant relies, relates specifically to persons "aggrieved by an illegal search and seizure". Therefore, the precise wording of the rule is of no help to appellant. However, the rule is based on the "poison fruit" doctrine as enunciated in *Silverthorne Lumber Co. v. United States*, 251 U.S. 385 (1920), which prevents the government from making use of knowledge gained by its own wrongs, and although we have not faced this issue before, we agree with the appellant: evidence derived from admissions obtained in violation of *Miranda* should be excluded under the "poison fruit" doctrine in *Silverthorne*. . .

Nevertheless, the "poison fruit" doctrine will not help appellant's case. As the United States Supreme

Court stated in *Silverthorne,* a case involving an illegal search and seizure of books and papers of the Silverthorne Lumber Co., at page 392: "The essence of a provision forbidding the acquisition of evidence in a certain way is that not merely evidence so acquired shall not be used before the Court but that it shall not be used at all. Of course, this does not mean that the facts thus obtained become sacred and inaccessible. If knowledge of them is gained from an independent source they may be proved like any others, but the knowledge gained by the Government's own wrong cannot be used by it in the way proposed."

The existence of the .22 calibre Derringer and the fact that it was stolen in a burglary of the Harder Sporting Goods store were known by the police the day following the burglary. Thus, the references to the Derringer made by Mr. Robert D. Smith, the manager of the store, were properly admissible. Similarly, the references to the Derringer made by Robert Miles, the confessed accomplice of the appellant, and the testimony of the Commonwealth's witness, Rosalie Heflin, that the appellant had a gun matching the description of the .22 Derringer were properly admissible, since neither portion of testimony was gained as a result of the inadmissible statement.

In addition to testimony concerning the Derringer which was gained from sources totally independent of the inadmissible statement, the transcript contains two references to the Derringer as being recovered. Since the Derringer would not have been recovered were it not for the inadmissible statement, appellant emphasizes these two instances as grounds for a new trial. Judge MONTGOMERY's dissent in the Superior Court also relies on these two instances.

The first occurred during the direct examination of Robert D. Smith, the manager of the victimized store. After a number of guns and other such equipment

which had been stolen, not including the Derringer, were offered into evidence, Smith was asked: "Q. And these items that were produced here in evidence today, when did you receive those back into your possession? A. January 4, with the exception of the Derringer. The Derringer I received on January 11th. The hunting knife and the scope was the early part of February."

Since the Derringer had not been offered into evidence, the answer was not responsive to the question. We agree with the appellant that since no ruling on the motion to suppress had been made at the time, counsel should have been deemed to have made a continuing objection to any references to the Derringer made prior to a decision on the application to suppress. Moreover, the proper procedure was, of course, to make a ruling on the admissibility of the pistol prior to trial. Although this was error, it was harmless error. The statement of recovery of the .22 Derringer pistol was in no way linked by any testimony to the defendant. The casual mention of the recovery of one pistol, when the fact of such recovery was not admissible into evidence, cannot be deemed prejudicial when it was preceded by testimony concerning the recovery of a long list of weapons, the recovery of which was admissible into evidence, especially when nothing could have been done to prevent the error since it came as a volunteered, unresponsive reply to a legitimate question. The test is whether such a volunteered reply by a witness would have been immediate grounds for a mistrial. We do not think so.

The second reference to the recovery of the Derringer was made in the court's charge. The relevant portion of that charge reads as follows: "On behalf of the Commonwealth then, you heard Mr. Robert Smith, who is the manager of this Harder's Sporting Goods store, who told you that on December 19, 1967,

when he came to work that morning that he noticed the front door had been pried open, there were bar marks there. He notified the police, proceeded to take an inventory and then he dscribed to you what was missing. He described, first, that the pistol case, where pistols were kept, a number of pistols were missing, that the case was open. Then he found that there were several rifles missing, so he detailed to you that the following items were missing: a .22 calibre, S. & W. model revolver, which was described as a Kit gun, I believe; a double barreled Shotgun, of which the number was given, all of these were subsequently admitted into evidence and they will go out with you. I merely briefly refer to them. Also missing was a certain revolver, an H. & R. revolver; also not here in evidence, a certain Derringer; a Luger calibre handgun, which is also in evidence here, a Remington rifle, which is in evidence also; some shells, which are not in evidence, and a hunting knife, which is in evidence. There was also a rifle scope which is not in evidence here. Most of these items he tells you, were subsequently recovered by them, except the Derringer and except the shells, and except a scope. I believe the Derringer was recovered. There were two items that they did not get back, the shells and the scope. These things they eventually got back, which he said they received from Officer Eichenlaub, except the shells and the scope."

By the time the court made its charge, it had already ruled on the admissibility of the Derringer and the appellant's statement concerning it. Therefore, the appellant should have objected to or sought a court correction of the charge so that the jury would have been properly instructed that there was no evidence on the record concerning the recovery of the Derringer. Under the circumstances, having failed to object, the appellant would be entitled to reversal only if this reference to the recovery of the Derringer were fundamental error.

236

*Commonwealth v. Williams,* 432 Pa. 557, 248 A. 2d 301 (1968). Since the statement of the fact of recovery of the Derringer was in no way linked to appellant, as we have already stated, we do not believe that the appellant was prejudiced.

Order affirmed.

Mr. Justice Cohen and Mr. Justice Roberts concur in the result.

Mr. Justice Jones took no part in the consideration or decision of this case.