## ANTOSZEWSKI v STATE

Ohio Appeals, 8th Dist, Cuyahoga Co

No 15371. Decided March 16, 1936

Ben H. Zwick, Cleveland, and Milton Firestone, Cleveland, for plaintiff in error.

Alfred Clum, Director of Law, Cleveland, Ferry A. Frey, Chief Police Prosecutor, Cleveland, and Stephen Gobozy, Asst. Police Prosecutor, Cleveland, for defendant in error.

## OPINION

By LEVINE, J.

The trial court adopted the view that no search warrant was necessary in order to enter the garage in question.

Sec 6084-8 GC, enumerates the powers of the Board of Liquor Control:

"7. For the purpose of carrying out the provisions of the liquor control act and enforcing the laws of this state, relating to the manufacture, importation, transportation, distribution and sale of beer and intoxicating liquor, and the sale of alcohol, to inspect upon demand the books, accounts, records and memoranda, or either, of any person subject to the provisions of the liquor control act or such laws and the place where the business of such person is conducted."

"8. To delegate to any of its agents or employees any power of investigation and inquiry which the department may possess; and the powers of police officers with respect to the enforcement of any of the penal laws of this state relating to beer and intoxicating liquor, etc. * * *."

The court interpreted these provisions to mean that the inspectors not only may inspect but may search any place other than a bona fide residence where intoxicating liquor is possessed. In further sup-

port of this view we are cited to §6064-63 GC, which provides:

"Whoever prevents, hinders or obstructs any agent or employee of the department of liquor control, or any officer of the law, from making inspection or search of any place or premises other than a bona fide private residence, where intoxicating liquor is possessed, kept, sold or given away shall upon conviction thereof be fined not less than one hundred dollars or more than one thousand dollars, or be imprisoned not less than thirty days nor more than six months or both."

Impliedly, it is contended, the power to inspect implies the power to search any place or premises other than a bona fide residence without a search warrant.

The Supreme Court of the United States in very clear lanugage interpreted the Federal Constitutional guarantee against unreasonable searches in Taylor v United States, decided May 2, 1932, 286 U. S. Rep. page 1, Syllabus 2:

"2. Suspicion that a person is engaged in violations of the prohibition law, confirmed by the odor of whiskey and by peeping through a chink in a garage standing adjacent to his dwelling, and part of the same premises, will not justify prohibition officers in breaking into the garage and seizing the whiskey for the purpose of obtaining evidence of guilt."

Justice McReynolds delivered the opinion of the court. Quoting from the opinion on page five:

"During the night of November 19, 1930, a squad of prohibition agents, while returning to Baltimore City, discussed premises 5100 Curtiss Avenue, of which there had been complaints "over a period of about a year." Having decided to investigate they went at once to the garage at that address, arriving there about 2:30 A. M. The garage,—a small metal building,— is on the corner of a city lot and adjacent to the dwelling in which petitioner Taylor resided. The two houses are parts of the same premises.

"As the agents approached the garage they got the odor of whiskey coming from within. Aided by a searchlight they looked through a small opening and saw many cardboard cases which they thought probably contained jars of liquor. Thereupon they broke the fastening upon a door, entered and found one hundred twenty-two cases of whiskey. No one was within the place and there was no reason to think otherwise. While the search progressed, Taylor came from his house and was put under arrest. The search and seizure were undertaken upon the hope of obtaining evidence upon which to indict and convict him. We think the action of the agents was inexcusable and the seizure unreasonable. The evidence was obtained unlawfully and should have been suppressed. Prohibition officers may rely on a distinctive odor as a physical fact indicative of possible crime but its presence alone does not strip the owner of the building of his constitutional guarantee against unreasonable search."

The fourth amendment to the United States Constitution is as follows:

'The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures, shall not be violated, and no warrant shall issue, but upon probable cause supported by oath or affirmation, and particularly describing the place to be searched, and the person or things to be seized."

The fifth amendment to the United States Constitution reads:

"No person shall be compelled in any criminal case to be a witness against himself."

Justice Clarke, in the case of Gould v United States, 255 U. S. 298, has this to say:

"It would not be possible to add to the emphasis with which the framers of our Constitution and this court have declared the importance of political liberty and to the welfare of the due observance of the rights guaranteed under the Constitution of these two amendments. The effect of the decisions cited: That such rights are declared to be indispensable to the full enjoyment of personal security, personal liberty and private property."

It will be observed that in this latter case a dwelling house was not involved. The court dealt with the question whether a representative of the United States Government can take or abstract without force a paper writing of evidential value belonging to one suspected of crime from the office of such person. The court concluded that this constituted an infringement of the constitutional guarantee above set forth.

In the case of Silverthorn Lumber Co. v United States, 251 U. S. 385, the court held that the search of an office where documents and papers were obtained claim-

ed to be of evidential value against the defendant, was an infringement of the constitutional guarantees and that the evidence must be suppressed and cannot be admitted in evidence in support of the Government's claim.

**Article 1, §14 of the Constitution of Ohio,** provides:

"The right of people to be secure in their persons, houses, papers and possessions, against unreasonable searches and seizures shall not be violated; and no warrant shall issue but upon probable cause supported by oath or affirmation particularly describing the place to be searched and the person and thing to be seized."

It contains language similar to that contained in the fourth amendment to the United States Constitution above cited.

Under the consistent interpretation given the fourth amendment to the United States Constitution by the Supreme Court of the United States, the protection extended not only to the search of the dwelling houses but to the search of offices and other premises as well.

**Article 1, §14 of the Ohio Constitution** forbids the unreasonable search of houses. It does not state that only dwelling houses shall come under its inhibition. The concluding language of the section which forbids the issuance of search warrants unless it be upon probable cause, supported by oath or affirmation particularly describing the place to be searched and the person and thing to be seized, indicates clearly that the private possessions of every person are sought to be protected against unreasonable searches.

The place to be searched must be specifically stated in the search warrant when one is applied for. The articles to be seized must be specifically set forth. The use of the word "place" lends additional light to the meaning of the word "houses" used in the first part of the section. Whatever is regarded as a "place" comes under the protection of the constitutional provision of our State which forbids unreasonable searches. The law of Ohio provides ample machinery for the searching of all places including dwelling houses. The Liquor Control Act in §6064-61 GC provides how search warrants shall be obtained, as follows:

"The judge of a court of record may issue warrants to search a house, building, place, vehicle, watercraft, aircraft, or conveyance for beer, alcohol or intoxicating liquor manufactured, possessed, stored, concealed, sold, furnished, given away or transported in violation of any provision of this act * * *. The issuance of such warrants shall be subject in all respects to the provisions of §§13430-2 to 13430-7 GC, both inclusive * * *."

We are strengthened in our construction of Aritcle 1, §4 of the Ohio Constitution which forbids the unreasonable search of houses, by the language of the Supreme Court of Ohio speaking through Jones, J., in Nicholas v City of Cleveland, 125 Oh St, at page 484, as follows:

"While we are not bound by federal decisions upon this feature of the case, since the Bill of Rights in the Constitution of the United States is in almost the exact language of that found in our own, the reasoning of the United States court upon this aspect of the case should be very persuasive. The state courts, however, with practical unanimity, have adopted the same principle as the federal courts. **Article 1, §14 of the Ohio Constitution** reads:

'The right of the people to be secure in their persons, houses, papers and possessions, against unreasonable searches and seizures, shall not be violated; and no warrant shall issue, but upon probable cause, supported by oath or affirmation, particularly describing the place to be searched and the person and things to be seized'."

The opinion of Jones, J., in Nicholas v City of Cleveland, supra, cites the case of Go-Bart Importing Co. v United States, 282 U. S. 344 and refers particularly to the opinion of Mr. Justice Butler and gives the following quotation:

"It is general and forbids every search that is unreasonable; it protects all, those suspected or known to be offenders as well as the innocent and unquestionably extends to the premises where the search was made and the papers taken. Gouled v United States, 255 U. S. 298, 307 (41 S. Ct. 261, 65 L. Ed. 647). The second clause declares: 'and no warrants shall issue but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized.' This prevents the issue of warrants on loose, vague or doubtful bases of fact. It emphasizes the purpose to protect against all general searches. Since before the creation of our government, such searches have been deemed obnoxious to fundamental principles of lib-

erty. They are denounced in the constitutions or statutes of every state in the Union."

These constitutional safeguards are necessary not only because of the experience of past ages, but also because of our nowadays recent experiences. The abuse of this legal process called the search warrant has become so frequent as to almost render the individual the prey of avarice and of private gain. We must, of course, enforce the law, but such enforcement must be accomplished by legal means. Every person, no matter how humble, is protected against trespass and invasion of his private property.

The search, in the case at bar, having been made without first having obtained a search warrant in accordance with law, is tantamount to trespass and forcible invasion.

The argument urged in behalf of the State of Ohio that the one who obtains a license from the state impliedly agrees to all the provisions of the act under which the license is issued and there having been issued a license to sell beer in the beer parlor situated in one of the stores owned by plaintiff in error, that therefore the one who obtains the license agrees impliedly with the terms of the law which law seems to indicate that the inspectors may search the premises without a search warrant. We do not find it necessary at this time to determine the validity of a legislative act which in substance provides that the obtaining of a license to sell beer carries with it the implied waiver of constitutional rights against unreasonable searches and seizures. The plaintiff in error at no time obtained any license to sell beer. The license was obtained by one of the tenants who occupied a store in the building. The garage, so far as the record discloses, had no connection whatsoever with the beer parlor. It would indeed be a strained construction to say that plaintiff in error agreed impliedly to waive any constitutional rights against unreasonable searches and seizures of his premises simply because he rented one of the stores in the building to a tenant as a beer parlor operating under a beer license issued to such tenant.

We are of the opinion that the evidence in this case was illegally obtained and that the search of the garage made without a seach warrant and without the consent of the owner, was a clear infringement upon his constitutional rights under both the Federal and State Constitutions. The motion to suppress the evidence should have been sustained and the court committed error in overruling the same.

The judgment is reversed and the cause remanded to the Municipal Court for further proceedings according to law.

TERRELL, J, concurs in judgment.
LIEGHLEY, PJ, dissents.