Dye, J.'
(dissenting in People v. Perlman and Bernstein). After trial, defendants were found guilty of violation of section 986 (book-making) and section 986-b (possession of book-making records) of the Penal Law. The proof was that an officer called a telephone number listed in the name' of Lang Premiums, 1776 Broadway, on three occasions on the same day and placed a total of eight bets on horse races and baseball games. Thereafter, the officer went across the street to 1776 Broadway, entered and went to the seventh floor where he stationed himself outside Boom 704. After obtaining a view of the room through the mail slot, opened with a pencil, the officer entered with a passkey furnished by the superintendent and arrested the defendants and seized certain betting slips and paraphernalia, which were admitted in evidence over defendants’ objection. The contention *96 herein is that the convictions must be reversed because evidence was admitted which was the result of an illegal search and seizure.
Under our procedure, a police officer may arrest for a misdemeanor only if it was done in his “ presence ” (Code Crim. Pro., §. 177). Conforming that rule with the announcement contained in Mapp v. Ohio (367 U. S. 643), we have held that the proceeds of a search made pursuant to an arrest for a misdemeanor are inadmissible unless it appear that the officer perceived sufficient facts to justify submission of the factual issue to the trier of the facts (People v. Moore, 11 N Y 2d 271). In our view, the undisputed facts in this case justify the finding that book-maldng was done in the “ presence ” of the officer, which finding satisfies the requirements of section 177 of the Code of Criminal Procedure, and, therefore, the evidence is admissible. The completion of the various phone calls, and the recording of the bets perfected the crime. This, without more, should be sufficient to satisfy the statutory requirement of 11 presence ’ especially when the officer is privy to the conversations. “ Personal presence ” it has been said “ includes corporeal extension within the sphere of sense perception ” (People v. Esposito, 118 Misc. 867, 872).
Under the circumstances, we are satisfied that the subsequent search of the premises was incidental to a lawful arrest. The question is not whether the officer had probable cause to arrest, independent of the facts of any alleged search and seizure (Byars v. United States, 273 U. S. 28; Henry v. United States, 361 U. S. 98), but whether when the officer entered there was evidence sufficient to justify a jury in convicting the defendant (People v. Moore, 11 N Y 2d 271). But even if it may be argued that the search and seizure was technically illegal, due to the circumstance that the officer opened the mail slot with a pencil and thus unreasonably invaded defendants’ right of privacy, there is no showing that these defendants had any right to the privacy allegedly invaded. The Fourth Amendment contemplates only those searches that are unreasonable. Here, concededly, the. premises were in the name of Lang Premiums. Whether these defendants were properly in the premises so as to entitle them to constitutional protection does not appear. The exclusionary rule of Mapp (supra) extends to those whose constitutional rights *97 are disregarded. Rights may not be assumed for the purpose of exclusion. If the defendants had no status to claim the protection, obviously there is no good reason for excluding the evidence as fruits of an unlawful seizure. It must be the defendants’ own privacy which is invaded by the officers. Evidence obtained in violation of the rights of some third person is not excludable (8 Wigmore, Evidence [3d ed.], § 2184a). Nor does it matter that the possessory crime (§ 986-b) was not done in the presence of the officer, for it is well settled that, when articles come into an officer’s possession in the course of a lawful search, they need not be returned because it was not one of the things that he had cause to look for (Harris v. United States, 331 U. S. 145; Abel v. United States, 362 U. S. 217, 241). Nor does it matter that the government acquired the same information it already legally had as a result of an illegal search (Silverthorne Lbr. Co. v. United States, 251 U. S. 385; People v. Rodriguez, 11 N Y 2d 279).
The judgment of conviction should be affirmed.