Nellie Louise CARSON, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 20441.

United States Court of Appeals
Fifth Circuit.

June 5, 1964.

the defendant. The articles were shown to every witness who identified and testified against defendant at her trial.

The reach of the "fruit of the forbidden tree" doctrine (Silverthorne Lumber Co. v. United States, 1920, 251 U.S. 385, 40 S.Ct. 182, 64 L.Ed. 319) is not limitless. We hold that even if the photographs were the fruits of an illegal detention, their connection with the evidence introduced at trial is too attenuated to taint it.

The defendant's motion for rehearing is denied.

---

William H. Moore, Jr., Atlanta, Harvey J. Kennedy, Barnesville, Ga., Paul L. Wayman, Atlanta, Ga., on the brief, for appellant.

Donald H. Fraser, U. S. Atty., Savannah, Ga., for appellee.

Before TUTTLE, Chief Judge, WISDOM, Circuit Judge, and CARSWELL, District Judge.

PER CURIAM.

Defendant was convicted of passing counterfeit money. During a search of her apartment, federal agents seized a sweater which defendant was said to have purchased with a counterfeit bill. Defendant maintains that the search was illegal but the district court found, and the evidence supports the conclusion, that defendant rendered the search legal by her consent. During a detention alleged to be illegal, defendant was forced to pose for various photographs in addition to the regular "mug" shots. Neither the sweater nor the photographs were introduced into evidence at her trial. Both were shown to witnesses to "firm up" their identifications after they had already made a positive identification of