Chief Judge Fuld
(concurring). Although I would, in any event, be for reversal (see People v. Berger, 18 N Y 2d 638, 640, dissenting opn.), I cannot join in the court’s opinion since I do not subscribe to certain observations contained in its last paragraph. In view of the Supreme Court’s recent decision holding section 813-a of the Code of Criminal Procedure unconstitiitional “ on its face” (Berger v. New York, 388 U. S. 41, 55, revg. 18 N Y 2d 638), it necessarily follows that evidence procured in this case by means of the electronic eavesdropping device, “authorized” by an order issued pursuant to that statute — as well as the “fruits ” of such evidence — -was illegally obtained and was properly suppressed by Supreme Court Justice Sobel. (See Mapp v. Ohio, 367 U. S. 643; Silverthorne Lbr. Co. v. Umted States, 251 U. S. 385; People v. Rodriguez, 11 N Y 2d 279, 286.) As the Supreme Court declared in the Berger case (388 U. S., at pp. 62-63), “we cannot forgive the requirements of the Fourth Amendment in the name of law enforcement, * * * it is not asking too much that officers be required to comply with the basic command of the Fourth Amendment before the innermost secrets of one’s home or office are invaded. Few threats to liberty exist which are greater than that posed by the use of eavesdropping devices.”
Since there was no evidence incriminating the defendants other than that which was illegally procured, the court had no alternative but to dismiss the indictment against them.
Opinion by Judge Breitel in which Judges Van Voorhis, Burke and Scileppi concur, Judge Keating in a separate opinion in which Judges Van Voorhis, Burke and Scileppi also concur, and Chief Judge Fuld in a separate opinion concurring in result in which Judge Bergan concurs.
Order of Appellate Division reversed and that of the Supreme Court, Kings County, reinstated.