In the Matter of Michael LUKICH as sole stockholder and sole owner of L & L Fire Fighting Equipment Company.

United States District Court,
N. D. Ohio, E. D.
Dec. 21, 1971.

Albert J. Morehead, Cleveland, Ohio, for movant.

Carl Steinhouse and Robert McNew, Dept. of Justice, Antitrust Div., Cleveland, Ohio, for the Government.

## MEMORANDUM OPINION
## AND ORDER

BATTISTI, Chief Judge.

Michael Lukich, the sole stockholder and sole owner of L & L Fire Fighting Equipment Company has moved this Court for an order quashing the grand jury subpoena served on him on the grounds that the subpoena violates the Fourth Amendment, requires him to violate the Fifth Amendment, and is a harassment and interference with his business operations.

■■ The protections of the Fourth Amendment extend to insulate a corporation from an unreasonable search and seizure. See Silverthorne Lumber Co. v. United States, 251 U.S. 385, 40 S.Ct. 182, 64 L.Ed. 319 (1920). The applicant has not shown that the enforcement of the subpoena would be unreasonable. While the applicant contends that the summons is overly broad and that there is no basis for the probable existence of the records, he states merely a conclusion. This is not sufficient. From the face of applicant's motion and memorandum, no supporting statements appear to substantiate these conclusions. See Hale v. Henkel, 201 U.S. 43, 26 S.Ct. 370, 50 L.Ed. 652 (1906) where such contentions were made and substantiated. In the absence of such a showing, the subpoena per se does not violate the Fourth Amendment. The Supreme Court in Oklahoma Press Publishing Co. v. Walling, 327 U.S. 186, 208–209, 66 S.Ct. 494, 505, 90 L.Ed. 614 (1945) stated:

" . . . The Fourth (Amendment), if applicable, at the most guards against abuse only by way of too much indefiniteness or breadth in the things required to be 'particularly described' . . . . The gist of the protection is in the requirement, expressed in terms, that the disclosure sought shall not be unreasonable."

Inasmuch as the purpose of the subpoena is lawful and no indefiniteness or overbreath has been shown, enforcement does not constitute an unreasonable search and seizure.

■ Applicant additionally contends that the enforcement of the subpoena would violate his Fifth Amendment privilege against self-incrimination. The applicant correctly asserts that the protections of the Fifth Amendment are not available to corporations. However, he claims that this proposition should not apply to him in his capacity as sole owner and shareholder of such a "tiny business enterprise as this." The Supreme Court in Wilson v. United States, 221 U.S. 361, 31 S.Ct. 538, 55 L. Ed. 771 (1911) has held that the custodian of corporate records could not refuse to produce the records on Fifth Amendment grounds even though he might be personally incriminated by those documents. See also, United States v. Hopps, 331 F.2d 332, 340 (4th Cir. 1964). In Grant v. United States, 227 U.S. 74, 33 S.Ct. 190, 57 L.Ed. 423, the court denied the right of a corporation to assert the privilege even when the corporation had one stockholder. Since this is a corporation, the custodian of the corporate records cannot refuse to produce the records. If, however, this were some other type of organization to which the Fifth Amendment would apply, the keeper of the records could only testify after a grant of immunity. The motion to quash is denied.

It is so ordered.