

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

December 16, 1974

The Honorable Walter M. Holcombe
County Attorney
Reeves County
Pecos, Texas 79772

Dear Mr. Holcombe:

Opinion No. H- 476

Re: Whether Article 44.3(21),
V. T. C. S., requires a
telephone company to
furnish customer informa-
tion to a law enforcement
agency without legal process.

You have requested our opinion concerning the construction of Article
4413(21), V. T. C.S., which provides:

> The Director, with the advice and consent of the
> Commission, shall formulate and put into effect
> plans and means of cooperating with the sheriffs
> and local police and peace officers throughout
> the State for the purpose of the prevention and
> discovery of crimes and the apprehension of
> criminals and the promotion of public safety;
> and it shall be the duty of all such local police
> and peace officers to cooperate with the Director
> in such plans. Every telegraph and telephone
> company and radio station operating within this
> State shall grant priority of service to the police
> agencies and to the Department of Public Safety,
> when notified that such service is urgent in the
> interests of the public welfare.

Your question is whether Article 4413(21) compels a telephone company to
supply customer information to a law enforcement agency without legal process.

Article 4413(21) says in its caption, "Director shall provide for cooperation;"
and by its terms deals with intrastate cooperation between law officers. Since
cooperation between peace officers would be difficult without ready means of
communication, communication companies are required to "grant priority of
service" to law enforcement personnel when the need for such service is
urgent. The context of the statute indicates that the "service" which is required
is a provision of a means of communication, not the production of records.

p. 2168

In addition, other statutes dealing with "service" by a public utility company make clear that such "service" is that which is rendered to the public in the normal operation of the company. V.T.C.S. arts. 1119, 1124, 1175(12). It is our opinion, therefore, that it is the granting of priority of this type of service that is compelled by Article 4413(21), and not the supplying of customer information. See generally, Silverthorne Lumber Co. v. United States, 251 U.S. 385 (1920).

### S U M M A R Y

Article 4413 (21), V.T.C.S., does not require a telephone company to provide customer information to law enforcement officers in the absence of valid legal process.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee