**STATE of Missouri, Respondent,**

v.

**Tony Earl HUNTER, Appellant.**

**No. 43615.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 1, 1981.

William J. Shaw, Public Defender, Janet F. Catalona, Asst. Public Defender, Clayton, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

REINHARD, Presiding Judge.

Defendant appeals his conviction by a jury of the charge of forgery. He was sentenced by the court to a term of one year. § 570.090.1(4); 558.011.1(3); 560.011 RSMo.1978. We affirm.

On appeal defendant raises one point: that the court erred in admitting into evidence a set of his fingerprints taken under court order while he was in custody. The facts pertinent to the resolution of this case follow: On March 23, 1979 Postal Inspector Dorosh contacted the Wellston Police and told them that he wanted to talk to defendant with respect to a stolen check. The check had been stolen from defendant's cousin, whose endorsement had been forged and the check cashed. The police consulted their records and found that warrants against defendant were outstanding in three other municipalities. Pursuant to these warrants the Wellston Police arrested defendant, and took him to the police station. There he was booked, and Postal Inspector Dorosh questioned him and took his fingerprints. Approximately four months later defendant was charged with forgery and Postal Inspector Dorosh was endorsed as a witness. Defendant filed a motion to suppress the fingerprint evidence which had been obtained by Dorosh on March 23, 1979. A hearing was held and the trial court sustained the motion. The court found "that the fingerprint cards were not taken in conjunction with the arrest but were an independent action of the federal officer who had no probable cause to have taken those at that particular time." [1]

Thereafter the state moved, under Rule 25.06,[2] to have defendant fingerprinted. The court sustained the state's motion and ordered defendant fingerprinted. Defendant filed a motion to suppress this set of fingerprints, which was overruled. The second set of fingerprints was then used at trial, over defense objection.

On appeal defendant argues for a broad rule that once fingerprint evidence is suppressed, any other set of prints is necessarily "tainted" and "fruit of the poisonous tree."

---

1. At the time of the fingerprinting, defendant was in lawful custody of the Wellston Police. This permitted the lawful taking of defendant's fingerprints as a matter of routine police procedure. *See* p. 684, *infra.* Our resolution of this case, however, obviates the necessity to determine whether the first set of fingerprints would have been admissible.

2. Rule 25.06(B) provides: "Upon motion by the state, and subject to constitutional limitations and any other safeguards deemed appropriate by the court, and upon a showing of good cause, the court may order the defendant to ... (3) be fingerprinted ...."

The "fruit of the poisonous tree" doctrine is based on a causal relationship; the evidence sought to be used at trial must be derived from exploitation of the illegally obtained information. *Wong Sun v. U. S.*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); *Silverthorne Lumber Co., Inc. v. U. S.*, 251 U.S. 385, 40 S.Ct. 182, 64 L.Ed. 319 (1919). Therefore it has no application to evidence obtained from an independent source, *Silverthorne*, 251 U.S. at 392, 40 S.Ct. at 183, or to evidence which normal police procedure would have turned up inevitably anyway, *State v. Byrne*, 595 S.W.2d 301, 304–305 (Mo.App.1979) *cert. denied*, 449 U.S. 951, 101 S.Ct. 355, 66 L.Ed.2d 215 (1980). Furthermore the causal connection may become so attenuated as to purge the taint. *State v. Macke*, 594 S.W.2d 300, 308 (Mo.App.1980).

Because the doctrine requires a causal connection, we cannot adopt the broad rule urged by defendant. Defendant has not explained how the first set of prints "tainted" the second set. The second set of fingerprints was obtained while defendant was in custody on the forgery charge. Defendant has not challenged the lawfulness of this custody on appeal, but a gratuitous review by this court indicates that there was probable cause independent of the first set of fingerprints.[3]

A person in lawful custody of the police is subject to fingerprinting as part of routine identification procedure. *See Smith v. U. S.*, 324 F.2d 879 (D.C.Cir.1963). Although a person may not be taken into custody for the purpose of fingerprinting if the police do not have a warrant or probable cause, *Davis v. Mississippi*, 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed.2d 676 (1969), once he is lawfully arrested, he is subject to a full search incident to the arrest. *U. S. v. Robinson*, 414 U.S. 218, 234–235, 94 S.Ct. 467, 476–477, 38 L.Ed.2d 427 (1973). No inde-

pendent evidentiary basis is constitutionally required. *Id.* at 235, 94 S.Ct. at 476–477. Rule 25.05 requires a showing of "good cause" and, given the fact that fingerprints were lifted from the stolen check, we see no error in the conclusion that good cause existed.

The challenged evidence was secured by proper court procedure and was not tainted by the prior set of fingerprints. Therefore, the court properly admitted the fingerprints.

Judgment affirmed.

SNYDER and CRIST, JJ., concur.

---

**3.** The police did not initiate their investigation of defendant, or focus on him as a suspect, because of the suppressed fingerprints. Therefore, this case is not similar to *Davis v. Mississippi*, 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed.2d 676 (1969), relied on by defendant. Because defendant was the primary suspect prior to

obtaining the fingerprint results, the evidence constituting probable cause, obtained by routine investigation, was from an "independent source." *Silverthorne Lumber Co., Inc. v. U. S.*, 251 U.S. 385, 392, 40 S.Ct. 182, 183, 64 L.Ed. 319 (1919).