[No. 8849-1-I.   Division One.   December 14, 1981.]

KING COUNTY, *Appellant,* v. IRENE PRIMEAU, *Respondent.*

*Norm Maleng, Prosecuting Attorney,* and *Kurt P. Hermanns* and *Robert D. Johns, Deputies,* for appellant.

*Frank N. Bean,* for respondent.

WILLIAMS, J.—This action was brought by King County to require Irene Primeau to abide by the county's Uniform Housing Code. The trial court dismissed the case because the county officers searched her home under a warrant obtained ex parte without first having requested permission to inspect. We affirm.

■■ The purpose of the Fourth Amendment's prohibition of unreasonable searches is to safeguard the privacy and security of individuals against governmental invasion. *Camara v. Municipal Court,* 387 U.S. 523, 528, 18 L. Ed. 2d 930, 87 S. Ct. 1727 (1967). For a search to be reasonable, there must be an adequate governmental interest to justify the intrusion. *Id.* at 534–35. Enforcement of the housing code is not so important that, in the absence of immediate and irreparable hazards, inspectors should be permitted ex parte to obtain search warrants without affording the individual the opportunity to consent. The ordinance provides for such a procedure,[1] which is consistent with the *Uniform Code for the Abatement of Dangerous Buildings,* ch. 2, § 201(c) (1979).

■ Suppression of the evidence acquired with the improper search warrant and dismissal of the action was

---

[1]King County Ordinance No. 2909, § 104(5) (1976): "Unless entry is consented to by the owner or person in control of any building, structure, property or portion thereof or conditions are believed to exist which create an immediate and irreparable land use or health hazard, the inspector prior to entry shall obtain a search warrant as authorized by the laws of the State of Washington."

appropriate. *Silverthorne Lumber Co. v. United States,* 251 U.S. 385, 64 L. Ed. 319, 40 S. Ct. 182, 24 A.L.R. 1426 (1920). *See* 1 W. LaFave, *Search and Seizure* § 1.3(b) (1978).

Affirmed.

CORBETT, J., concurs.
RINGOLD, A.C.J., concurs in the result.

Reconsideration denied January 27, 1982.

Review granted by Supreme Court April 9, 1982.