OPINION OF THE COURT
Sam Eisenberg, J.
The defendants’ motion to controvert a search warrant issued by this court poses a novel question. Should information obtained as a result of a search under a warrant issued by one court, later found to be illegal, be used as the source for the issuance of another warrant by another court? Is the first illegal act so pervasive as to taint all that flows therefrom? As in all these matters the answer is controlled by the totality of the particular circumstances. Overriding the issue, however, is the need to be mindful of the purpose and intent of the exclusionary rule, which is sought to be invoked by the defendant; a rule which has been judicially created, primarily, to deter unlawful police conduct, thereby assuring individuals of their Fourth Amendment right to be free from unreasonable invasion of personal privacy.
On May 26, 1983 this court issued a warrant which authorized a search of the first, second and third floors of *894 the defendants’ premises. The application for the search warrant was supported by an affidavit made by Carl J. Lindell, an environmental conservation officer who stated that he had conducted a search of the defendants’ premises on April 26, 1983, pursuant to a criminal search warrant issued on that date by the County Court of the County of Westchester and that he had observed on the first floor of the premises various hazardous, corrosive and flammable materials and that on or about May 4, 1983, he had informed Lieutenant John F. Maasz of the Mount Vernon Fire Department of his findings. The search warrant issued by this court was further supported by an affidavit from Lieutenant Maasz who alleged that he visited the defendants’ premises on May 4, 1983 and inspected the second and third floors with the permission of Jack Colbert, an individual defendant and an officer of the corporate defendants, and that on May 16, 1983, he inspected the first floor of the premises with the permission of Mr. Colbert, whereupon, he discovered various flammable, corrosive and hazardous materials which require a permit from the City of Mount Vernon for their storage. The defendants are charged, among other charges, with failing to obtain such permits.
The attack upon the warrant issued by this court is only made collaterally. The defendants contend, in support of this motion, that the warrant issued out of the County Court was illegal and invalid because it was issued upon supporting affidavits, which were based solely upon hearsay statements. Thus, contend the defendants, the search by Officer Lindell under the County Court warrant was improper and must be suppressed and that the information which he gave to Lieutenant Maasz as a lead to the alleged improper acts of the defendants was the “poisonous fruit” of the County Court warrant and that that information and all that flowed therefrom including this court’s warrant, must, therefore, be suppressed. In determining this motion, the court will assume, arguendo, that the County Court search warrant was in fact illegal and subject to suppression and that this court, in this proceeding, has the jurisdiction to pass upon the validity of the County Court search warrant. It does not follow, however, from those *895 assumptions that all which may have flowed from Officer Lindell’s observations must be suppressed. Not all evidence or leads to evidence which come to light because of some prior illegal act by law enforcement officials is legally suppressible under the “poisonous tree” doctrine. Facts which are improperly obtained do not always become “sacred and inaccessible” and if these facts are also revealed by independent sources, they are not suppressible. (Silverthorne Lbr. Co. v United States, 251 US 385.) Additionally, the causal connection between the alleged lawless conduct of the police and the discovery of the challenged evidence may have “ ‘become so attenuated as to dissipate the taint.’ ” (Wong Sun v United States, 371 US 471, 487.)
In this case, logic would indicate that the causal connection between the information furnished by Officer Lindell to Lieutenant Maasz on May 4, 1983 and the issuance of the search warrant by this court on May 26 was so remote and tenuous as to negate any taint therefrom. The independent inspections conducted by Lieutenant Maasz on May 4 and May 16, with the consent of the defendants, preceding the issuance of the warrant, were as much the source of this court’s search warrant and the discovery of the challenged evidence as was the information furnished by Officer Lindell under the County Court warrant.
It is also the view of this court that the information discovered by Officer Lindell on April 26 under the Westchester County warrant became so attenuated as to dissipate its taint. In Brown v Illinois (422 US 590), the Supreme Court enunciated the criteria for the attenuation of lawless conduct so as to dissipate its taint. They are: (1) the temporal proximity between the illegal and the challenged evidence; (2) the presence of intervening circumstances; and (3) the purpose and flagrancy of the official misconduct.
Officer Lindell made his discovery on April 26. He revealed his findings to Lieutenant Maasz on May 4 and a search warrant was issued out of this court on May 26. Within the framework of this case, the passage of time between the alleged illegality of April 26 and the issuance of this court’s search warrant on May 26 was sufficient to *896 so weaken the effect of the alleged illegal act as to purge its taint.
Additionally, the inspections conducted by Lieutenant Maasz on May 4 and May 16, 1983, with the permission of the defendants, were sufficient intervening circumstances to purge the taint of Officer Lindell’s alleged illegal inspection. (Wong Sun v United States, supra.)
But most significant of all is the fact that Officer Lin-dell’s search was made in good faith under a warrant issued by the County Court. It was not conducted in the expectation of achieving a benefit at the cost of the defendants’ Fourth Amendment rights.
In these matters, the court in Wong Sun v United States (supra, p 488, citing Maguire, Evidence of Guilt [1959 ed], p 221) noted that the more apt question, “is ‘whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint.’ ”
Consistent with the purpose of the exclusionary rule — to deter police misconduct — in such cases of innocent conduct, the effect of a technical illegality is quickly dissipated and avoids the tainting of the challenged evidence. (United States v Ceccolini, 435 US 268.)
This court has considerable doubt as to whether the infection of this court’s search warrant with the taint of the alleged illegal search under the County Court’s warrant would seriously deter police misconduct. In the final analysis, the passage of time, the consent to search given by the defendants, and the obtaining of a search warrant out of this court have all contributed to the dissipation of the taint, if any, of the alleged illegality under the County Court warrant. The purpose of the exclusionary rule would not be served by the granting of this motion.