**UNITED STATES, Appellee,**

v.

**Specialist Four Michael E. CARRUBBA, SSN 151–56–6956, United States Army, Appellant.**

**CM 444349.**

U.S. Army Court of Military Review.

31 Jan. 1985.

Lieutenant Colonel Arthur L. Hunt, JAGC, Captain Thomas J. Feeney, JAGC, and Captain Jesse W. Bendahan, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Major Thomas J. Leclair, JAGC, and Captain Andrew D. Stewart were on the pleadings for appellee.

Before SUTER, YAWN, and WALCZAK, Appellate Military Judges.

## OPINION OF THE COURT

YAWN, Senior Judge:

Contrary to his pleas, appellant was convicted of wrongful possession of marijuana, cocaine, and a sawed-off shotgun.[1] Appellant contends, as he did at trial, that the evidence which formed the basis for these offenses should have been suppressed as the product of an illegal search and seizure. We disagree.

On the night in question, appellant, an off-duty military policeman, came to the military police station and requested that someone take him to retrieve his car which was off-post. Appellant had been stopped by civilian police for driving under the influence of alcohol and was apparently still inebriated when he arrived at the military police station. Two military policemen, Specialist Four Keen and Sergeant Whalen, agreed to take appellant to his car. During the drive appellant announced that he had a sawed-off shotgun and marijuana in his car. Whalen testified that he discounted appellant's statement because appellant was highly intoxicated. Keen, however, said he thought there really might be marijuana in the car because of the things he had heard about appellant.

Keen, accompanied by appellant, drove appellant's car back to the post. Upon arriving at the military police station, appellant removed a plastic bag which appeared to contain marijuana from the car's glove compartment. Keen told appellant to put the bag away. Appellant then went to the car trunk and tried to open it. Keen opened the trunk for appellant, whereupon appellant placed the plastic bag in a backpack in the trunk. Appellant then unfolded a towel in the trunk to reveal a sawed-off shotgun. Appellant refolded the towel and shut the trunk.

Keen reported what he observed to Whalen and the military police desk sergeant. Appellant was apprehended and a military police investigator, Staff Sergeant Humphrey, was called to investigate the incident. When Humphrey arrived, he was advised that appellant had told Keen and Whalen he had "dope and a sawed-off shotgun in [his] car." Inexplicably, Humphrey was not advised that Keen had seen the marijuana and shotgun. Humphrey asked appellant for permission to search the car. Appellant told Humphrey to get a search warrant.

---

1. Appellant was also convicted of wrongful introduction of drugs onto a military installation and obtaining services under false pretenses. Appellant was sentenced by a general court-martial composed of officer and enlisted members to a dishonorable discharge, confinement at hard labor for two years, forfeiture of all pay and allowances, and reduction to the grade of Private E-1. The convening authority reduced the term of confinement to thirteen months but otherwise approved the sentence.

While Humphrey was on his way to obtain a search authorization from the post commander, appellant asked Whalen, who was watching him, what Whalen would have done. Whalen told appellant he would have cooperated. Appellant asked Whalen to call Humphrey back which Whalen did. Appellant then gave Humphrey his consent to search the car. Humphrey searched the car and found the drugs and shotgun in the trunk.

At trial, appellant moved to suppress the evidence discovered in the car trunk. The motion was denied. The military judge found that appellant's consent was invalid because of his intoxication, but the evidence was nonetheless admissible since Humphrey had sufficient probable cause to obtain a search authorization and was actively pursuing evidence that would have inevitably led to the discovery of the evidence. Under the facts of this case, we agree with the military judge's ruling.

■ The Exclusionary Rule provides that, upon proper motion by an accused, evidence obtained in violation of the Fourth Amendment to the United States Constitution,[2] and incriminating evidence derived from such evidence,[3] cannot be used against the accused at trial. *See also* Mil. R.Evid. 311. Evidence, such as the evidence at issue, discovered pursuant to an invalid consent search, typically falls within the ambit of this rule. *See Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). The doctrine of inevitable discovery, however, is an exception to the Exclusionary Rule and provides that challenged evidence which is the product of illegal Government activity is admissible if the prosecution establishes by a preponderance of the evidence that the evidence at issue would ultimately or inevitably have been discovered by lawful means because of information already in the Government's possession or leads actively being pursued by the Government. *See*

*Nix v. Williams,* —— U.S. ——, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984); *United States v. Kozak,* 12 M.J. 389 (C.M.A.1982). This doctrine is applicable to appellant's case.

■ At the time appellant gave his consent, Humphrey was on his way to obtain an authorization to search appellant's car. The record shows that appellant's consent did no more than hasten the inevitable discovery of the contraband. If Humphrey had not been told that appellant had changed his mind Humphrey soon would have been in contact with the post commander and received the proper search authorization.

Appellant disagrees with this analysis and contends that the information disclosed to Humphrey did not constitute probable cause to search. Appellant argues that, since Humphrey could not have obtained a proper search authorization based upon the information in his possession, the Government has failed to establish that the contraband would inevitably have been discovered by lawful means. We disagree. Even if the information given to Humphrey fell short of constituting probable cause, an issue we need not decide, the Government possessed all the information necessary to obtain the contraband lawfully and was actively pursuing the investigation. We are satisfied that, if the post commander had denied Humphrey's initial request for a search authorization, the investigation would have resumed; Keen's actual observation of the contraband would have been disclosed to Humphrey; and a proper search authorization would have been obtained. This is enough to bring the evidence at issue within the inevitable discovery exception to the Exclusionary Rule.

■ Appellant also contends that Specification 5 of the Charge, alleging wrongful introduction of marijuana on post, is multiplicious for findings purposes with Specifications 3 and 4 of the Charge, alleging

---

**2.** *See Mapp v. Ohio,* 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961); *Weeks v. United States,* 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652 (1914).

**3.** *See Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); *Silverthorne Lumber Co. v. United States,* 251 U.S. 385, 40 S.Ct. 182, 64 L.Ed. 319 (1920).

wrongful possession of the same marijuana, and that Specification 7 of the Charge, alleging wrongful introduction of cocaine on post, is multiplicious for findings purposes with Specification 6 of the Charge, alleging wrongful possession of the same cocaine. We agree. We also find that Specification 4 of the Charge, alleging possession of some marijuana on 19 November 1982, should have been consolidated with Specification 3 of the Charge, alleging possession of 55.33 grams of marijuana with the intent to distribute [4] on 19 November 1982. Since the specifications at issue were treated as multiplicious for sentencing purposes, appellant suffered no prejudice.

Specification 3 of the Charge is amended by substituting the figure "55.33" for the figure "55-33." Specifications 3 and 4 of the Charge are consolidated by adding at the end of Specification 3 the following words and figures, "and wrongfully possess some amount of marijuana and marijuana resin, to wit: two metal smoking devices, three wood bowls of smoking devices, a black smoking stone, two tubes, a green smoking device, a box of plastic bags, a plastic film cannister, a blue plastic smoking device, a green plastic weighing device, four metal screens, and a brown leather pouch, each containing some amount of marijuana and a wood stem of a smoking device, a single edged razor blade and a hemostat, each containing some amount of marijuana resin." The finding of guilty of Specification 3 of the Charge, as amended, is affirmed. The findings of guilty of Specifications 4, 5, and 7 of the Charge are set aside and those specifications are dismissed. The remaining findings of guilty and the sentence are affirmed.

Chief Judge SUTER and Judge WALCZAK concur.

---

**4.** In Specification 3 of the Charge the accused was literally charged with possession of "55–33" grams of marijuana. The evidence of record shows that this is a typographical error and should read "55.33" grams. We will correct this error in our decretal paragraph.