DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from the judgment of the Huron County Court of Common Pleas which, on October 30, 2003, granted the motion to suppress filed by appellee, Ruth M. Barnett. For the reasons that follow, we affirm the decision of the trial court.
 {¶ 2} The pertinent facts are as follows. As a result of a search of appellee's home, appellee was charged with tampering with evidence and possession of drugs, to wit, heroin. The tampering with evidence charge arose as a result of appellee allegedly faking a sneeze while holding a plate of heroin, thereby disbursing some of the substance. On October 24, 2003, the trial court found the search to be unlawful and held that evidence of the heroin must be suppressed.
 {¶ 3} The state then requested clarification from the trial court regarding whether the officer's observations concerning appellee sneezing on the heroin, thereby tampering with the evidence, was also suppressed. The state argued that appellee's act of tampering with evidence was a criminal act that arose separate and apart from the unlawful search and, therefore, pursuant to the rationale in State v. Ali, 154 Ohio App.3d 493,2003-Ohio-5150, should not be suppressed. On October 30, 2003, the trial court found that the "sneeze incident" was occasioned by the illegal search, there was no independent source for discovery of the evidence in question, and that the evidence was not sufficiently attenuated from the illegal search as to dissipate its taint.
 {¶ 4} The state appeals and raises the following assignment of error:
 {¶ 5} "The trial court erred in suppressing evidence of an officer's observations of the defendant-appellee's independent criminal act following an illegal search."
 {¶ 6} The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. The exclusionary rule provides that evidence obtained as a result of an unreasonable search and seizure is suppressed as representing fruit of the poisonous tree. See State v. Carter (1994),69 Ohio St.3d 57, 67. "The exclusionary rule does not apply, however, if the connection between the illegal police conduct and the discovery and seizure of the evidence was so attenuated as to dissipate the taint, as where the police have an independent source for discovery of the evidence." Id., citing SilverthorneLumber Co. Inc. v. United States (1920), 251 U.S. 385.
 {¶ 7} In State v. Ali, supra, the Seventh District Court of Appeals noted that evidence obtained during an unlawful search is not suppressible if that evidence is an observation of a person's reaction to an illegal seizure that constitutes a criminal offense wholly separate and apart from the offense being investigated. In Ali, the defendant threatened police officers prior to being unlawfully placed under arrest. The court held that, although the defendant was unlawfully placed under arrest, evidence of her threats to police did not have to be suppressed because the menacing statements were a separate criminal act and were not discovered by the police as a result of their unlawful arrest. While the court in Ali states a correct rule of law, we nevertheless find that its rationale does not apply to the facts in this case.
 {¶ 8} The purpose of the unlawful search in this case was to locate heroin in the residence. Appellee was charged with tampering with the heroin which was unlawfully discovered. We find that appellee's allegedly unlawful act of sneezing on the heroin is not so attenuated from the illegal search as to dissipate the taint of her Fourth Amendment rights. As such, we find that such evidence is properly excluded as being "fruit of the poisonous tree." Accordingly, we find that the trial court properly suppressed the officer's observations regarding appellee's alleged tampering with the unlawfully discovered heroin. Appellant's sole assignment of error is therefore found not well-taken.
 {¶ 9} On consideration whereof, this court affirms the judgment of the Huron County Court of Common Pleas. Court costs of this appeal are assessed to appellant.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Knepper, J., Pietrykowski, J., Lanzinger, J., Concur.