**UNITED STATES**

v.

**Private First Class Randall B. TAYLOR, 516–66–2022, U. S. Army, Company C, 317th Engineer Battalion, APO New York 09757.**

**CM 432810.**

U. S. Army Court of Military Review.

Sentence Adjudged 24 Oct. 1974.

Decided 30 April 1976.

Appellate Counsel for the Accused: CPT Steven J. McAuliffe, JAGC; CPT Sammy S. Knight, JAGC; MAJ Richard J. Goddard, JAGC; LTC James Kucera, JAGC.

Appellate Counsel for the United States: CPT Richard A. Kirby, JAGC; CPT Richard S. Kleager, JAGC; MAJ Steven M. Werner, JAGC; LTC Donald W. Hansen, JAGC.

## OPINION OF THE COURT

FELDER, Judge:

The appellant stands convicted of a three-month unauthorized absence and three infractions of general regulations in violation of Articles 86 and 92, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 886 and 892. The approved sentence requires our review of the case pursuant to Article 66, UCMJ, 10 U.S.C. § 866.

On 11 March 1974 several American criminal investigators, German policemen and an informant went to the appellant's civilian apartment located in Hoechst, Germany. The informant and one American investigator went into the apartment and purchased 2 grams of heroin and 196 mandrax tablets from the appellant's girl friend. The appellant was not present but participating in a field exercise. The drugs were surrendered to the authorities who remained outside the apartment. Immediately thereafter, the American agents and German policemen entered the apartment, searched it, and seized an additional 7 grams of heroin and the money used to make the purchase.

Two days later the appellant was summoned from his unit on maneuvers to the office of the criminal investigators. He was unaware of the incident that occurred on 11 March 1974. He was informed of the controlled purchase of drugs from his girl friend and of the seizure of drugs from his apartment. After waiving his rights to counsel and against self-incrimination, the appellant executed a written statement acknowledging ownership of the substances sold to the informant and the additional quantity of heroin seized by the authorities in the subsequent search.

The appellant was charged with possession of 9 grams of heroin and 196 mandrax tablets. The military judge admitted into evidence the confession made by the appellant and the substances that were purchased, to wit: 2 grams of heroin and 196 mandrax tablets. He ruled that the search of the apartment was unlawful and refused to admit into evidence the 7 grams of heroin that were seized as the result thereof.

The appellant contends on appeal, as he did at trial, that his confession was inadmissible because it is the product of an illegal search. No evidence concerning the voluntariness of the statement was introduced in open court; therefore, the court members did not consider that issue in connection with their deliberation upon the findings.

■ It is well-settled that a pretrial statement obtained as a result of an illegal search is inadmissible. (*United States v. Crow*, 19 U.S.C.M.A. 384, 41 C.M.R. 384 (1970)). The mere warning of the rights to counsel and against self-incrimination does not remove the taint so as to make the statement admissible. *Brown v. Illinois*, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975). The exclusionary rule applies to statements derived from an exploitation of the unlawful act but not to statements unaffected by the illegality or obtained from an independent source. *United States v. Moore*, 19 U.S.C.M.A. 586, 42 C.M.R. 188 (1970); *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); *Costello v. United States*, 365 U.S. 265, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961). Whether a confession is an exploitation of an unlawful act must be answered on the facts of each case. In addition to the warning, such factors as the temporal proximity of the illegal search and confession, the presence of intervening circumstances and, particularly, the purpose and flagrancy of official misconduct are relevant. The burden of showing admissibility rests, of course, on the prosecution. *See Brown v. Illinois, supra* 422 U.S. at 603–04, 95 S.Ct. 2254.

■ Despite the illegal search of the appellant's dwelling, the planned purchase of prohibited substances from his girl friend was an independent transaction which provided a lawful basis for interrogating him. Both the search and purchase were utilized in good faith by the officials in their interrogation of the appellant and the statement is a derivative of both factors. We hold that since the search was not exploited to any greater degree than the purchase and the purchase alone would have produced the

statement,* the statement was voluntary and admissible.

The findings of guilty and the sentence are affirmed.

Senior Judge JONES concurs.

O'DONNELL, Judge, dissenting:

I am not convinced that the Government has established that the appellant's statement was not the result of the illegal search. Accordingly, I would hold the statement inadmissible.

I agree with the majority that not all statements following an unlawful search are tainted *per se*. As the Supreme Court said in *Wong Sun v. United States*, 371 U.S. 471, 487–488, 83 S.Ct. 407, 417, 9 L.Ed.2d 441 (1963):

> "We need not hold that all evidence is 'fruit of the poisonous tree' simply because it would not have come to light but for the illegal actions of the police. Rather, the more apt question in such a case is 'whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint.'" [citation omitted].

My reading of the testimony in this case, however, convinces me that the criminal investigators clearly exploited the illegal search and that the original taint was never dissipated.

The appellant was interrogated two days after the search. At the time of the search, he was with his unit in the field and had no knowledge of the search or the apprehension of his girl friend. After the criminal investigator advised the appellant of his rights, he informed him of several facts concerning the search, viz., the police authorities had been to his apartment; drugs had been purchased from his girl friend at the apartment; the apartment had been searched and drugs had been found; and the appellant was suspected of being the owner. The interrogator did not inform the appellant of the amount or type of drugs found in the apartment or purchased from his girl friend. In his statement the appellant admitted that heroin, mandrax and drug paraphernalia were located in the apartment.

In a recent case, the Supreme Court has suggested several factors to be considered in determining whether the Government has met its burden of demonstrating that the primary taint has been purged. These factors, as correctly noted by the majority, include the presence or absence of *Miranda* warnings, the temporal proximity of the illegal search and the confession, the presence of intervening circumstances and the purpose and flagrancy of the official wrong. *Brown v. Illinois*, 422 U.S. 590, 603–04, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975).

Unquestionably, the appellant was advised of his rights under Article 31 of the Code and of his right to counsel. But, as the Court noted in *Brown*, that factor alone does not necessarily break the casual connection between the illegality and the confession. *Id.* at 603, 95 S.Ct. 2254. The two-day hiatus between the search and the confession, could under some circumstances render the connection between the two so "attenuated as to dissipate the taint." *Wong Sun v. United States, supra*, 371 U.S. at 491, 83 S.Ct. at 419. But in the instant case there was in practical effect no hiatus. The appellant did not know of the search or the apprehension until so informed by the interrogators. For the same reason, there were no intervening circumstances. Nor in my opinion can the controlled purchase be considered an independent transaction as contended by the majority. The purchase is too closely connected with the illegal search to have any significant independent vitality. The Government has not demonstrated the appellant confessed because his girl friend had been arrested in his apartment,

---

* The appellant testified that he would not have admitted ownership of the drugs had he been advised by the investigator only of the controlled purchase and that he confessed only because he was informed that drugs were discovered in his apartment. We, and apparently the trial judge also, do not attach much credence to that portion of his testimony.

rather than because drugs had been discovered there. As for the *bona fides* of the agents conducting the search, there is concededly no evidence to show that they were acting in bad faith. However, to make this the controlling factor in the case would, in my opinion, place an unwarranted premium on incompetence.

As the Government has failed to meet its burden, I would set aside the affected charges and reassess the sentence.