UNITED STATES, Appellee,

v.

**Specialist Four Ricky Wonder TRAM-MELL, SSN 281–56–7523, United States Army, Appellant.**

CM 435390.

U. S. Army Court of Military Review.

27 April 1977.

Lieutenant Colonel John R. Thornock, JAGC, and Major Benjamin A. Sims, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, and Captain Richard A. Kirby, were on the pleadings for appellee.

Before JONES, FULTON and FELDER, Appellate Military Judges.

OPINION OF THE COURT

JONES, Senior Judge:

The appellant was convicted of selling heroin in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. He was acquitted of possessing heroin, and a charge of possessing marihuana was dismissed by the judge upon motion. We are reviewing the case pursuant to Article 66, UCMJ.

The appellant was arrested while sitting in his automobile parked in front of his apartment, moments after selling eight

bags of heroin to a German informant. The sale took place inside the apartment. German authorities set up the "bust", made the arrest, and subsequently searched the apartment. One of the police officials on the scene authorized the search without a warrant. He testified that the search was valid under German law and no contention was made at trial or before this Court to the contrary.

■ Army criminal investigators accompanied the German authorities, at the latter's request, as observers because an American serviceman was involved. Although they took no part in the arrest or subsequent search their mere presence was enough to require the search to meet fourth amendment standards, *United States v. Jordan*, 24 U.S.C.M.A. 156, 41 C.M.R. 375 (1976).[1] The search of the apartment would not meet those standards as there was no warrant, there were no exigent circumstances, and it was beyond the scope of a search incident to arrest.

As a result of the *Jordan* rule, the appellant was placed in a predictable dilemma. From the advice of his able and experienced counsel, he was aware that the German authorities would probably recall the waiver of jurisdiction, based upon the inability of military authorities to obtain a conviction.[2] He therefore faced the choice of going to trial in the German courts or confessing to the crimes and undergoing a court-martial. He chose the latter course.

■ At trial appellant repudiated the advice of his counsel and moved to suppress the confession upon the grounds that it was (a) involuntary, and (b) tainted from the illegal search of his apartment. The military judge made special findings that the confession was the product of appellant's own free will and was in no way tainted by the search of the apartment. We are in agreement with those findings.

The appellant knew precisely the alternatives facing him. Both resulted from his own misconduct. Neither were pleasant. Nevertheless he was required to make a choice and the Constitution does not protect him from having to make that choice. *Cf. Middendorf v. Henry*, 425 U.S. 25, 48, 96 S.Ct. 1281, 47 L.Ed.2d 556 (1976). He chose to confess.

■ Finding the confession voluntary, we turn to the question of whether the statement was purged of any taint from the illegal search. Again we agree with the trial judge in finding the complete absence of any taint. The confession came 18 days after the search; it was preceded by appropriate warnings; the appellant was aware of all the circumstances and alternatives; and the official "misconduct" that violated the fourth amendment standard, namely, the presence of American authorities at a search by German authorities valid under German law, was not flagrant and was actually for the purpose of protecting the rights of the serviceman. *Brown v. Illinois*, 422 U.S. 590, 603–604, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975). The confession was properly admitted into evidence.

The findings of guilty and the sentence are affirmed.

Judge FULTON and Judge FELDER concur.

---

1. For a review of the status of the law (including *United States v. Jordan*) on the admissibility in United States courts of evidence from foreign searches, *see United States v. Morrow*, 537 F.2d 120, 139–141 (5th Cir. 1976).

2. In addition to the evidence that would be suppressed because of the *Jordan* rule, the German informant was unlikely to appear at a court-martial.