## UNITED STATES

### v.

**Sergeant Jack D. RAVINE, Jr., FR 574–22–3405 United States Air Force.**

### ACM 22573.

U. S. Air Force Court of Military Review.

Sentence Adjudged 10 May 1979.

Decided 1 Feb. 1980.

Appellate Counsel for the Accused: Colonel Larry G. Stephens and Captain Patrick A. Tucker.

Appellate Counsel for the United States: Colonel James P. Porter and Captain Robert T. Mounts.

Before HERMAN, ARROWOOD and MILES, Appellate Military Judges.

## DECISION

MILES, Judge:

Tried before a military judge, sitting as a general court-martial, accused was convicted of marijuana possession, a violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. The approved sentence extends to a bad conduct discharge, confinement at hard labor for twelve months, forfeiture of $279.00 per month for 12 months and reduction to airman basic.

In a single assignment of error, accused asserts that the military judge erred when the accused's pretrial statement to German customs authorities was admitted into evidence. We disagree, and hold that accused's statement was his free and voluntary act and not tainted by a German search of accused's off base quarters.

On 14 September 1978, the accused was arrested for possession of 68 grams of marijuana by German customs authorities while aboard a train traveling from Holland to Germany. The marijuana, in the form of hashish oil, was concealed in two jars labeled shampoo coloring. Traveling with the accused was Donna Ravine, his younger brother's wife. The hashish oil, and the accused and his sister-in-law were later turned over to U.S. military authorities. Counsel do not question the legality of accused's arrest or the seizure of the hashish oil, the basis of the single charge on which the accused was convicted.

On the following day, 15 September, German customs officials searched accused's off base quarters near Hahn Air Base, Germany and discovered other drugs. The accused's younger brother was also arrested during the German customs investigation. On 8 November 1978, accused was questioned by German authorities without United States governmental involvement. At the outset, he was advised that he was free to answer questions or remain silent, and that he could consult a lawyer of his own choosing prior to the interview. He signed a statement concerning the hashish oil seized at the border, and the drugs seized at his quarters. Citing *United States v. Jordan*, 1 M.J. 334 (C.M.A.1976), the military

judge ruled the results of the 15 September search inadmissible because of U.S. law enforcement involvement and acquitted accused of charges relating to drugs found during that search. However, the signed statement of 8 November was admitted into evidence.

Accused argues that the 8 November statement was the product of the 15 September search, and was thus fruit of the poisonous tree. *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); *Silverthorne Lumber Company v. United States*, 251 U.S. 385, 40 S.Ct. 182, 64 L.Ed. 319 (1920). Government counsel disagree and argue that the accused made the statement only for the express purpose of helping his younger brother, then under German charges, and it was thus not infected by the 15 September search.

■ Under *United States v. Jordan, supra*, certain searches by foreign officials involving United States law enforcement personnel must satisfy the Fourth Amendment to the United States Constitution, as applied in the military community, before fruits of the search may be admitted into evidence in a trial by court-martial. Statements which follow a search, the results of which are inadmissible, ordinarily may be presumed to be tainted by such a search, and thus inadmissible under *Wong Sun, supra*.

■ However, the exclusionary rule is not a "but for" test, and has other important qualifications, such as where the statement is an independent act of free will, *Wong Sun v. United States, supra*, 371 U.S. at 486, 83 S.Ct. at 416, comes from an independent source, or has only an attenuated connection with the inadmissible evidence. *United States v. Kesteloot*, 8 M.J. 209 (C.M.A.1980). On a similar issue, the U.S. Supreme Court has laid down the proper test:

> The question of whether a confession is the product of a free will under *Wong Sun* must be answered on the facts of each case. No single test is dispositive. . . . The *Miranda* warnings are an important factor, to be sure, in determining whether the confession is obtained by

exploitation of an illegal arrest. But they are not the only factor to be considered. The temporal proximity of the arrest and the confession, the presence of intervening circumstances, and, particularly, the purpose and flagrancy of the official misconduct are all relevant. The voluntariness of the statement is a threshold requirement. And the burden of showing admissibility rests, of course, on the prosecution. (Citations and footnotes omitted)

*Brown v. Illinois*, 422 U.S. 590, at 603, 95 S.Ct. 2254, at 2261–62, 45 L.Ed.2d 416 (1975).

■ In the case at bar, there was no evidence of misconduct by German authorities, since both the search and the statement apparently were readily usable in a German court. The accused was advised of his right to remain silent, although no specific advice under Article 31, Code, 10 U.S.C. § 831, *supra* or *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), was given or required. *United States v. Jones*, 6 M.J. 226 (C.M.A.1979). The statement followed the search by some 54 days and primarily concerns accused's explanation of events leading to his arrest at the German border. It is clearly motivated by a desire to explain those events and an effort to minimize his brother's involvement in the scheme. In spite of his right not to make a statement, the accused said, "I am going to make a statement hoping this might help my brother." We find the accused's statement was a free and voluntary act, not tainted by the search, and was thus admissible. Accordingly, the military judge did not err in its admission. See *United States v. Kesteloot, supra; United States v. Waller*, 3 M.J. 32 (C.M.A. 1977); *United States v. Trammell*, 3 M.J. 657 (A.C.M.R.1977), pet. denied, 3 M.J. 483 (C.M.A.1977); *United States v. Taylor*, 2 M.J. 863 (A.C.M.R.1976).

The findings of guilty and the sentence are

AFFIRMED.

HERMAN, Senior Judge, and ARROWOOD, Judge, concur.