OPINION OF THE COURT
Blossom Heller, J.
The facts before the court in the instant case present a question of first impression in the Family Court.
The question is twofold: (1) whether there has been a violation of section 724-a of the Family Court Act, and (2) whether the violation of the statute mandates suppression of the complainant’s in-court identification of the respondent.
The court finds that there is a statutory violation, but not one of constitutional magnitude as to require suppression of the identification.
The essential facts are not in dispute and are as follows:
On January 25, 1980 a petition was filed in the Family Court. It alleged that on January 9, 1980 respondent, aged 12, committed acts which if done by an adult would constitute the crimes of grand larceny in the third degree (Penal Law, § 155.30) and criminal possession of stolen *613 property in the third degree (Penal Law, § 165.40). The incident upon which the petition was based involved the taking of complainant Helen B.’s handbag containing $9 United States currency.
Complainant immediately reported the incident to the police and gave a description of the perpetrators. Later, on the day of the incident, Police Officer Phillip Ferrante and his partner Police Officer Harry Byman showed Ms. B. a number of photographs, from which she picked respondent’s photograph as one of the perpetrators. (It should be noted here that although respondent' was granted a hearing on the validity of the photo array, no such hearing was ever held.)
Respondent moved to suppress complainant’s in-court identification alleging that the photo shown to Ms. B was taken in violation of section 724-a of the Family Court Act and was retained in violation of subdivision 2 of section 753-b of the Family Court Act.
The threshold question is whether the photographing of respondent violates section 724-a of the Family Court Act. That statute provides, inter alla, for photographing and fingerprinting of a respondent 11 years old or older if the act he is alleged to have committed would constitute an A or B felony if committed by an adult.
The Law Guardian’s affirmation stated: “On information and belief, the Respondent has never been arrested for an act which would, if committed by an adult, constitute a class A or B felony.”
Corporation Counsel’s answering affirmation stated that based on conversations with the arresting officer and his partner, that respondent had been photographed as a result of a prior arrest.
Although an affidavit from the respondent himself would have been preferable, the court accepts the veracity of the statements made in the Law Guardian’s affirmation.
It is apparent that respondent was previously arrested and photographed, but the court is unaware of the acts leading to that arrest. From the facts adduced, it is clear that respondent was photographed in violation of section 724-a of the Family Court Act.
*614 The question now remains whether that statutory violation infringes on any of respondent’s constitutionally protected rights.
The court finds that it does not.
The fact that there has been a statutory violation does not automatically give rise to a constitutional violation.
The Fourth Amendment protection against unreasonable searches and seizures is unquestionable. When police conduct violates the Fourth Amendment, the admissibility of evidence obtained as a result of that conduct is at issue. (Mapp v Ohio, 367 US 643.)
In the instant case, the initial arrest of the respondent was ostensibly lawful. The court has been given no information to the contrary. The photograph taken pursuant to that arrest is not the “fruit” of a constitutional violation, but is alleged to be the violation itself.
The facts of People v Anderson (97 Misc 2d 408) are somewhat similar to those of the instant case. In Anderson (supra), a photo of the defendant was ordered returned to him pursuant to CPU 160.50. However, before that order could be complied with, the photo was used in a photo array, and defendant was identified as having committed a homicide.
The court held that the possession of the photograph was not statutorily unlawful, but stated that even if it were, “the identification emanating from the ‘illegal’ photograph would not be suppressed.” (People v Anderson, supra, at p 413.) The court further stated that it could not hold that “the mere retention and use of a photograph violative of CPL 160.50, for identification purposes in a homicide investigation, constitutes a denial of a defendant’s due process of law rights guaranteed under the Fifth and Fourteenth Amendments or an abridgement of defendant’s Fourth Amendment rights against an unreasonable search and seizure.” (People v Anderson, supra, at p 414.)
Under that same rationale, this court can only conclude that the use of this respondent’s photograph, taken in violation of section 724-a of the Family Court Act, in the grand larceny investigation is not a denial of respondent’s Fourth or Fifth Amendment rights.
*615 Even if this court were to find that the police conduct was violative of respondent’s rights against unreasonable search and seizure, the court would then necessarily make inquiry as to the admissibility of the in-court identification based on one of the recognized exceptions to the exclusionary rule.
In the instant case, there is sufficient evidence indicating an independent source for the complainant’s in-court identification of respondent. (See Silverthorne Lbr. Co. v United States, 251 US 385; United States v Wade, 388 US 218.)
Both United States v Wade (supra), and Neil v Biggers (409 US 188) set forth factors to be considered in determining “independent source”. Those factors are the opportunity for observation of the defendant during the commission of the crime, the accuracy of the description given to the police, the degree of the witness’ certainty at the identification and the length of time between the act and the identification.
Based on the evidence in this case, it is apparent that under the totality of the circumstances, Ms. B.’s in-court identification is based on factors other than the illegally taken photograph and is therefore reliable and admissible.
Ms. B. observed respondent in daylight hours for a period of time. She shortly thereafter gave a description of the perpetrators to the police. Moreover, she identified only the respondent from the photo array presented to her.
The United States Supreme Court has recently gone even farther in its protection of the victim-witness. The court indicated in United States v Crews (445 US 463) that illegal police conduct does not necessarily require the suppression of the victim-witnesses’ in-court identification of a defendant.
In Crews (supra), there was a concededly unlawful arrest and photographing of defendant, and still the court found the in-court identification admissible. The court noted that a victim’s in-court identification of the defendant has three elements: (1) the victim’s presence at trial to testify and identify the defendant, (2) the victim’s knowledge of and ability to reconstruct the crime and identify the defendant from observations made at the time of the crime and (3) *616 the defendant’s physical presence in the courtroom so that the victim may observe and compare his appearance to the perpetrator.
Considering these enunciated factors in reference to the instant case, the court can only come to the same conclusion as did the Supreme Court, and that is “none of these three elements ‘has been come at by exploitation’ of the violation of the defendant’s Fourth Amendment rights.” (Crews, supra, p 471, citing Wong Sun v United States, 371 US 471, 488).
Ms. B. was known to the police as the victim of a crime, and although the photographing of respondent occurred prior to the incident, the complainant’s identity was known before the exhibiting of the photo.
The second element is also not the product of police misconduct. Complainant, immediately after the incident, was able to give the police a description of the perpetrators. Her ability to identify the respondent had no connection with the photograph.
Further, under the requirements of the “independent origin” test of United States v Wade (supra), discussed previously, Ms. B. formed her impressions of the respondent at the time of the incident, prior to the exhibiting of the photo.
Third, in Crews (supra), the defendant was considered not to be a suppressible “fruit” and an opportunity to present untainted evidence must be" given to the prosecution. The same result must follow in the instant case.
Consequently, based on all the facts and circumstances in this matter, respondent’s motion to suppress the complainant’s in-court identification of respondent is denied.
The court thanks counsel for their extremely helpful memoranda.
The clerk of the court is directed to calendar this matter forthwith for a fact-finding hearing.