AMERICAN SAMOA GOVERNMENT, Plaintiff

v.

SCOTT WHITNEY, Defendant

High Court of American Samoa
Trial Division

CR No. 26-91

November 19, 1991

Before KRUSE, Chief Justice, TAUANU'U, Chief Associate Judge, and BETHAM, Associate Judge.

Counsel: For Plaintiff, Thomas E. Dow, Assistant Attorney General
For Defendant, Robert A. Dennison III

The defendant seeks to suppress testimony by Ben Hur Skelton (aka Penehuro Skelton), Saio Ualesi, Pita Falaniko, and Osoimalo Samoa, alleging that the identities of these witnesses were discovered by the police through use of illegally-seized photographs. The defendant argues that the testimony of these witnesses must, therefore, be excluded as "fruits of the poisonous tree" under Wong Sun v. United States, 371 U.S. 488 (1963).

The government, on the other hand, claims that Skelton, Saio, and Samoa, were actually located not through use of the photographs but through information gained from other sources. The government contends that they are, therefore, competent witnesses under the "independent source" doctrine enunciated in Silverthorne Lumber Co. v. United States, 251 U.S. 385 (1920). In the case of Pita Falaniko, the government concedes that the police were indeed led to this witness as

43

a result of the photographs, but nonetheless claims that Falaniko would have been inevitably found in the course of the then-ongoing and independent lines of police investigation. The submission is that Falaniko's testimony is not excludable under the "inevitable discovery" doctrine (evidence is not inadmissible under the fruit of the poisonous tree doctrine where it inevitably would have been discovered even without the unlawful seizure). Nix v. Williams, 467 U.S. 431 (1984).

A hearing was held on these factual issues. On the evidence, we find that the police did not rely on the illegally seized photographs when they learned of Skelton, Ualesi, and Samoa. Rather, the police found out about these witnesses through pursuit of independent investigatory leads given to them by third-party informants. The "fruit of the poisonous tree" doctrine, which had "its genesis"[1] in Silverthorne Lumber v. United States, 251 U.S. 385 (1920), has no application in these circumstances.[2] In the instant matter, the evidence was clear that the discovery of these three witnesses had nothing to do with the photographs. There are simply no "fruits" to be spoken of here. We conclude that there was no violation by the police of Rev'd Const. Am. Samoa, Art. 1, § 5, and that Ben Hur Skelton (aka Penehuro Skelton), Saio Ualesi and Osoimalo Samoa are, therefore, competent witnesses.

With regard to Pita Falaniko, he was discovered by the police directly through exploitation of the photographs. The evidence, however, was not sufficient to sustain the government's claim that Falaniko would have been "inevitably discovered" through independent ongoing investigation. We accordingly conclude that Pita Falaniko in not a competent witness and that his testimony must be excluded as fruit of the poisonous tree.

It is so ordered.

---

[1] Nix v. Williams, 467 U.S. 431, 441 (1984).

[2] The Silverthorne holding extended the exclusionary rule to apply also to evidence derived through exploitation of the primary evidence illegally seized. See Wong Sun v. United States, 371 U.S. 471, 484 (1963).