[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This is an accelerated appeal from the May 27, 1997 judgment of the Fulton County Court of Common Pleas dismissing, with prejudice, the charges of receiving stolen property against appellee, Edwin V. Sevrence.
This matter was previously before this court in State v.Sevrence (Feb. 28, 1997), Fulton App. No. F-96-001, unreported. In our prior decision, we found that the trial court erred in not suppressing evidence obtained under a search warrant that was executed in violation of appellee's constitutional rights. Two individuals, Jathan Evans and Clint Short, were arrested for stealing items from Bernath's Merchandise Mart and Wyse Book and Office Supplies, Inc. Based on these individuals' statements to the police, a search warrant was issued for appellee's shop and home. The stolen items were recovered at appellee's shop and home; however, we found that the search warrant was unlawfully executed because appellee incriminated himself through compelled testimonial communications when the officer requested appellee to retrieve the stolen items listed on the search warrant. The case was remanded to the trial court "for proceedings consistent with this opinion."
Before the trial court for the second time, appellee filed a motion to suppress, motion in limine, and motions to dismiss. Specifically, appellee moved that there was no basis to allow the state to introduce testimony relative to the illegally seized evidence, either directly or indirectly. As such, appellee argued "if the State were allowed to offer testimony concerning said items, they surely could not offer testimony that they were delivered to defendant as these items were suppressed and as such that testimony would not be admissible." The trial court granted appellee's motions[1] and held as follows:
 "The Court concurs with Defendant's position in this matter. The existence of the stolen items is a seminal and essential element of the crimes charged here. To accomplish the purposes of the Exclusionary Rule, `suppression' must include testimonial references to the suppressed items, whether by public officers or private individuals. Thus the bar to the introduction of the items, and any reference to those items, effectively bars the State from being able to successfully prosecute this action, and the Court hereby so finds."
The state appeals the trial court's ruling, pursuant to R.C. 2945.67 as a matter of right,[2] and asserts the following assignments of error:
 "I. THE COURT OF COMMON PLEAS ERRED IN GRANTING DEFENDANT-APPELLEE'S MOTIONS TO SUPPRESS, IN LIMINE, AND TO DISMISS BASED ON THE EXCLUSIONARY RULE.
 "A. Juveniles' testimony does not fall under the fruit of the poisonous tree doctrine.
 "B. Juveniles' testimony falls under the independent source doctrine.
 "II. THE COURT OF COMMON PLEAS ERRED IN GRANTING DEFENDANT-APPELLEE'S MOTION TO DISMISS BY INTERPRETING THE SIXTH DISTRICT COURT OF APPEAL'S REMAND OF THE CASE AS A DISMISSAL OF THE INDICTMENT."
The state argues that the exclusionary rule would act to suppress any statements and physical evidence resulting from the search warrant, but would not act to suppress the testimony of the individuals who stole the computer items and delivered them to appellee, as their testimony was not recovered as a result of the illegal search. Additionally, the state argues that the individuals' testimony should not be excluded under the exclusionary rule as it falls under the independent source doctrine. Finally, the state argues that this court did not intend to dismiss the state's case because we would have stated such in our prior opinion.
Appellee, on the other hand, argues that the trial court correctly dismissed the state's case because the state is precluded from admitting "derivative evidence, both tangible and testimonial, that is the product of the primary evidence, or that is otherwise acquired as an indirect result of the unlawful search." Murray v. United States (1988), 487 U.S. 533, 536-537.
The exclusionary rule reaches not only primary evidence obtained as a direct result of an illegal search or seizure, but also evidence later discovered and found to be derivative of an illegality or "fruit of the poisonous tree." Segura v. UnitedStates (1984), 468 U.S. 796, citing, Nardone v. United States
(1939), 308 U.S. 338. "The reason for the rule is the concern that if derivative evidence were not suppressed, police would have an incentive to violate constitutional rights in order to secure admissible derivative evidence even though the primary evidence secured as a result of the constitutional violation would be inadmissible." State v. Carter (1994), 69 Ohio St.3d 57, 67, citing, Katz, Ohio Arrest, Search and Seizure (3 Ed. 1992), Section 2.07. The exclusionary rule does not apply, however, if the connection between the illegal police conduct and the discovery and seizure of the evidence is "so attenuated as to dissipate the taint," Nardone, as, for example, where the police had an "independent source" for discovery of the evidence. SilverthorneLumber Co. v. United States (1920), 251 U.S. 385.
In this case, Sergeant Robert Albright testified that Evans and Short told him that they stole the computer equipment in question, gave it to appellee, and told appellee that the items were stolen. Based on these individuals' statements, a search warrant was requested. Sergeant Albright testified during direct examination by the state in the May 22, 1995 suppression hearing, as follows:
 "Q: Okay. How did you come in contact with Ed Sevrence, the Defendant in this case?
 "A: Through the investigation of Jathan and Clint. Okay? They gave statements, test — and told myself and the other investigating officers that they indeed broke into Wyse Office Supply in Bernath Annex, which is down towards Delta, that the computer equipment they had taken to Ed Sevrence who runs a computer shop here on Fulton Street in Wauseon, Ohio, and they advised that they had told Mr. Sevrence that these items came from a commission of a burglary, and that he was not only receiving these items, but he was, through their testimony or through their statement, he was going to dismantle the computers and eventually make one computer for one of the fellows. And you know, it's not clear on what he was going to do with the other pieces of equipment.
 "Q: Did they — now did Jathan and Clint, did they give those items that they stole from the computer shop, did they give those items to Ed Sevrence?
"A: Yes.
 "Q: Okay. Now pursuant to what they told you and from your investigation, did you request a search warrant?
"A: Yes."
As explained above, it was the subsequent execution of this search warrant that we found to be unconstitutional.
Based on Albright's testimony, it is clear that the police did not discover Evan's and Short's identity as a result of the search. To the contrary, their statements were taken by the police prior to the unlawful execution of the search warrant and it was their statements that caused the police to request a search warrant of appellee's shop and home. Because the individuals' identity and testimony are separate from the unlawful search, they are not "fruit of the poisonous tree." Since the police discovered the individuals from an independent source, not connected with the unlawful search, the testimony of Evans and Short should not have been suppressed.
Moreover, we find that Evan's and Short's testimony, if believed, could be sufficient to warrant a finding of guilty to the charge of receiving stolen property. The trial court stated in its judgment entry that the "existence of the stolen items is a seminal and essential element of the crimes charged here." However, actual physical possession of stolen property is not a requisite of the offense of receiving stolen property. State v.Wolery (1976), 46 Ohio St.2d 316, 329.
A conviction may be based on the accused's constructive possession of the property. Id. In Wolery, the criminals who stole the property in question testified that appellant offered to buy airplane radios if they would steal them. The criminals met with appellant and a third party and were taught how to remove the radios. After having stolen the radios, the criminals delivered them to the third party who paid them. The Ohio Supreme Court stated that this testimony, if believed by the jury, was sufficient to sustain appellant's conviction of receiving and concealing stolen property.
Additionally, we note that the corpus delicti of a crime is the act done with criminal agency, or intent. There is no requirement of actual, tangible evidence to show such act. SeeState v. Bridges (Dec. 17, 1974), Franklin App. No. 74AP-418, unreported.
Accordingly, the state's first assignment of error is found well-taken.
As we find the trial court erred in suppressing the statements of the two individuals who stole the computer parts and dismissing the state's case, we find the state's second assignment of error well-taken.
On consideration whereof, this court finds that the Fulton County Court of Common Pleas erred by granting appellee's motion to suppress, motion in limine, and motion to dismiss. The judgment is hereby reversed and the case is remanded to the trial court for further proceedings consistent with this opinion. Court costs of these proceedings are assessed to appellee, Edwin V. Sevrence.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ George M. Glasser, J.
JUDGE
 _______________________________ Melvin L. Resnick, J.
JUDGE
 _______________________________ Richard W. Knepper, J.
JUDGE
CONCUR.
[1] The trial court did not rule on appellee's motion to dismiss based on double jeopardy because, based on its dismissal on other grounds, it found the motion to be moot. This court, therefore, cannot address the merits of appellee's motion to dismiss on the basis of double jeopardy.
[2] Appellee asserts that the state's appeal must be dismissed because the state failed to comply with Crim.R. 12(J), in that the state failed to certify that it was unable to proceed without said evidence. This argument, however, is without merit in cases such as this, where the entire charge has been dismissed. It is self-evident that a dismissal of the entire charge prevents the state from effectively prosecuting the charge.