COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick, Judge Bray and
          Senior Judge Overton[*]
Argued at Norfolk, Virginia


LARRY S. BAUMGARDNER
                                    MEMORANDUM OPINION[**] BY
v.        Record No. 0409-98-1      JUDGE NELSON T. OVERTON
                                      FEBRUARY 9, 1999
COMMONWEALTH OF VIRGINIA


         FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                     Alan E. Rosenblatt, Judge

              Joseph A. Migliozzi, Assistant Public
              Defender, for appellant.

              Marla Graff Decker, Assistant Attorney
              General (Mark L. Earley, Attorney General, on
              brief), for appellee.


     Larry S. Baumgardner (defendant) appeals his conviction for

possession of marijuana, in violation of Code § 18.2-250.1.  He

contends on appeal that evidence used against him at trial was

seized in violation of the Fourth Amendment to the United States

Constitution.  Specifically, he argues that the marijuana plants

seized by police in his attic were the proceeds of an illegal

entry and, therefore, should have been suppressed.  Because we

hold that the marijuana was lawfully seized and there was no

error in its admission in the trial court, we affirm.

_____

[*]Judge Overton participated in the hearing and decision of
this case prior to the effective date of his retirement on
January 31, 1999 and thereafter by his designation as a senior
judge pursuant to Code § 17.1-401, recodifying Code
§ 17-116.01:1.

[**]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

The parties are fully conversant with the record in this case and because this memorandum opinion carries no precedental value, we recite only those facts necessary to disposition of the appeal.

Defendant claims that police violated his Fourth Amendment rights against unreasonable searches and seizures when they entered his home. He assumes that the marijuana found upstairs was the result of that entry. Defendant then concludes that the trial court should have excluded such improperly seized evidence. See Segura v. United States, 468 U.S. 796, 804-05 (1984).

The Commonwealth has argued that the entry was permissible under the "community caretaker" doctrine. The Commonwealth's position is that the officers were assisting Ms. Heather Burton, defendant's former employee, in collecting her belongings from defendant's home, protecting her from interference from defendant and such assistance and protection fall under the community caretaker exception to the warrant requirement. Under this doctrine, police "'officers may conduct investigative seizures in the routine execution of community caretaking functions, totally divorced from the detection or investigation of crime, so long as those seizures are reasonable.'" Commonwealth v. Waters, 20 Va. App. 285, 289, 456 S.E.2d 527, 529 (1995) (citing Barrett v. Commonwealth, 18 Va. App. 773, 776, 447 S.E.2d 243, 245 (1994) (en banc), rev'd on other grounds, 250 Va. 243, 462 S.E.2d 109 (1995)).

We hold that whether the police were properly in the lower level of defendant's home is irrelevant.  The police intrusion did not result in the information which led to the discovery of the marijuana, which was itself on the second floor.  The exclusionary rule and the "fruit of the poisonous tree" doctrine were meant to exclude evidence procured through wrongful police conduct.  See Wong Sun v. United States, 371 U.S. 471, 484 (1962).  The conduct at bar did not, under either defendant's or the Commonwealth's theories, actually lead to discovery of the drugs.  The marijuana plants were found in defendant's attic by Ms. Burton.  The critical question, therefore, is not whether the police were entitled to be on the first floor, but whether Ms. Burton was entitled to be on the second.

Defendant claims that the police officers who accompanied Ms. Burton coerced him into allowing Ms. Burton to enter his home.  In defendant's argument, he refers to Ms. Burton as an "agent" who was sent into the house to spy for the police.  The Commonwealth argues that Ms. Burton was not an agent but was a source independent of the police presence and, therefore, information obtained from her was not tainted.

"The exclusionary rule has traditionally barred from trial physical, tangible materials obtained either during or as a direct result of an unlawful invasion."  Id. at 485.  "'[T]his does not mean that the facts thus obtained become sacred and inaccessible.  If knowledge of them is gained from an independent

source they may be proved like any others.'" <u>Warlick v. Commonwealth</u>, 215 Va. 263, 265-66, 208 S.E.2d 746, 748 (1974) (quoting <u>Silverthorne Lumber Co. v. United States</u>, 251 U.S. 385, 392 (1920)). In order for Ms. Burton's information to be considered an independent source, she must have been in the house with the consent of defendant. Consent procured by coercion is not, of course, permissible and would render Ms. Burton's entry as illegal as if the police themselves had entered the second floor.

"The question of whether a particular 'consent to a search was in fact voluntary or was the product of duress or coercion, express or implied, is a question of fact to be determined from the totality of all the circumstances.'" <u>Deer v. Commonwealth</u>, 17 Va. App. 730, 735, 441 S.E.2d 33, 36 (1994) (quoting <u>Schneckloth v. Bustamonte</u>, 412 U.S. 218, 227 (1973)). "The burden rests with the Commonwealth to demonstrate the lack of duress." <u>Commonwealth v. Rice</u>, 28 Va. App. 374, 378, 504 S.E.2d 877, 879 (1998) (citing <u>Lowe v. Commonwealth</u>, 218 Va. 670, 678, 239 S.E.2d 112, 117 (1977), <u>cert.</u> <u>denied</u>, 435 U.S. 930 (1978)). The Commonwealth proved that three police officers arrived at defendant's residence with Ms. Burton. Defendant answered the front door when they knocked. They asked for consent to enter but defendant "said she could come in and get her stuff but we couldn't go in. . . . [Ms. Burton] asked us to come in with her because she was afraid."

The evidence is uncontradicted that Ms. Burton was given permission to enter the house.  It is equally clear that defendant was belligerent, hostile and adamantly refused consent to the police officers.  Given this evidence we must conclude that defendant was not intimidated by the police presence and was not acting under coercion when he admitted Ms. Burton.

Once this conclusion is reached, the result which follows is clear.  If Ms. Burton had consent to retrieve her belongings, she had the authority to go upstairs where some of her possessions were kept.  It was there that she saw the marijuana plants growing in the attic.  This constitutes a source of information independent from the police entry.  See Commonwealth v. Ealy, 12 Va. App. 744, 755, 407 S.E.2d 681, 688 (1991).

After Ms. Burton's statement to the police officers, they restricted the movements of defendant and his wife to the first floor.  The police themselves also stayed on the first floor. They only ventured onto the second floor when defendant cut a hole in the ceiling of his garage and entered the attic.  The police have the authority to secure a premises and prevent destruction of evidence when:

> (1)  police officers have probable cause to believe evidence is on the premises;
>
> (2)  delaying entry would create a substantial risk that evidence will be lost or destroyed or the critical nature of the circumstances prevents the use of any warrant procedure; and
>
> (3)  the police must not be responsible for creating their own exigencies.

<u>Crosby v. Commonwealth</u>, 6 Va. App. 193, 201, 367 S.E.2d 730, 735 (1988). The circumstances of the instant matter are in line with <u>Crosby</u>, and the police officers' actions were proper.

To summarize, we hold that defendant gave Ms. Burton consent to enter his home, independently of any police involvement. Once she reported that she had seen marijuana, the officers had the power to secure the house and prevent the destruction of evidence. When defendant attempted to destroy his marijuana, he was properly stopped and arrested. It was not error for the trial court to admit the marijuana thus seized into evidence. Defendant's conviction is affirmed.

<u>Affirmed.</u>