ACCEPTED
03-14-00155-CR
3779406
THIRD COURT OF APPEALS
AUSTIN, TEXAS
1/15/2015 11:13:33 AM
JEFFREY D. KYLE
CLERK

NO. 03-14-0155-CR

\* \* \*

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS

1/15/2015 11:13:33 AM

JEFFREY D. KYLE
Clerk

In The 3rd District
Court of Appeals of Texas

\* \* \*

Jeron DeAngelo Neal

v.

The State of Texas

\* \* \*

Appealed from the
390th District Court
Trial Court Cause No. D-1-DC-12-205121

_____

APPELLANT'S BRIEF
_____

John S. Butler
State Bar No. 03526150
700 Lavaca Street, Suite 1400
Austin, Texas 78701
Telephone (512) 472-3887
Facsimile   (512) 233-1787
Email      butler@lawyer.com
ATTORNEY FOR APPELLANT

ORAL ARGUMENT REQUESTED

## Identities of Parties and Counsel

Appellant:                              Jeron DeAngelo Neal

Trial Counsel:                          Darla Davis
                                        P O Box 28338
                                        Austin, Texas 78755
                                                -and-
                                        Mark Sampson
                                        605 West Oltorf Street
                                        Austin, Texas 78704

Appellee:                               The State of Texas

Appellant Counsel and
Trial Counsel:                          Rosemary Lehmberg
                                        Travis County District Attorney
                                        P O Box 1748
                                        Austin, Texas 78767
                                                -by-
                                        Monica Flores
                                                -and-
                                        Steve Brand
                                        Assistant District Attorneys

Trial Judge:                            Hon. Julie Kocurek

# Table of Contents

Identity of Parties and Counsel …2

Table of Contents …3

Index of Authorities …4

Statement Regarding Oral Argument …4

Statement of the Case …4

Issues Presented …5

Statement of the Facts …5

Summary of the Argument …7

Argument …7

Prayer for Relief …10

Certificate of Compliance …12

Certificate of Service …12

## Index of Authorities

*Wong Sun v. United States*, 371 U.S. 471 (1963)                    …9

*Silverthorne Lumber Co. v. United States*,
251 U.S. 385,392 (1920).                                           …9

*Weeks v. United States*, 232 U.S. 383 (1914).                     …9

*State v. Story*, Tex. Crim. App. NO. PD-0590-13 (October 15, 2014)   …10

*Neal v. State*, 256 S.W.3d 264, 280 (Tex. Crim. App. 2008).       …10

## Statement Regarding Oral Argument

Due to the fact-intensive nature of the arguments presented herein, Appellant requests that the Court hear oral argument.

## Statement of the Case

On September 28, 2012, Appellant was arrested for Aggravated Robbery with a Deadly Weapon. At a pretrial hearing the trial court granted Appellant's motion to suppress evidence seized from Appellant's vehicle. However, the trial court denied Appellant's motion to suppress evidence seized from Appellant's person at the scene and at the central booking facility. The case went to trial, whereupon Appellant was found guilty and sentenced to 22 ½ years in prison. Appellant

appeals the trial court's denial of his motion to suppress evidence seized from his person, and the judgment and sentence obtained with the use of said evidence.

## Issues Presented

The trial court erred in denying Appellant's motion to suppress evidence obtained in the search of Appellant's person.

## Statement of Facts

On September 28, 2012, at around 2:00 a.m., Alicia Otto and three friends were at a sports bar in north Austin when a man, later identified as Appellant, approached their table and demanded their money and property. The man grabbed Mr. Otto's purse and ran away. A bartender pursued the man, but turned back when he heard a gunshot. The police interviewed the victim and witnesses, and obtained surveillance videos from the bar and a nearby Target store. This second video shows the robber getting into a black SUV.

Later that morning, around 8:00 a.m., police responded to a "disturbance" call. Patsy Harnage (Appellant's mother) had reported that she and her son had

gotten into an argument the previous day, and that he was parked in front of a daycare center where she worked. Upon arrival at the location, they had "minimal information on what the subject was wearing or driving, et cetera." (Reporter's Record vol.2 p.57). The police saw no disturbance, and were initially unable to locate either Ms. Harnage or her son. They eventually located a black male in a black Ford Explorer. When they approached the SUV, they found Appellant asleep in the driver's seat and another person asleep in the back. When the officer tapped on the window to gain Appellant's attention, Appellant woke up "kind of nervous" (Reporter's Record v.2 p.27) and tried to start the vehicle. The officer then opened the door had Appellant exit the vehicle. The officer said he saw a hand rolled cigarette drop from Appellant's hand. The officer frisked Appellant for weapons, finding none. Appellant was handcuffed and placed in in the back of a patrol unit. Appellant was later arrested for possession of marijuana and for outstanding warrant(s) and taken to jail, where he was searched. Several credit cards were found in his possession, with the name of the robbery victim on them. These were subsequently introduced as evidence against Appellant at his trial.

A jury convicted Appellant of Aggravated Robbery with a Deadly Weapon, and sentenced him to 22 ½ years in prison.

**Summary of the Argument**

There was insufficient probable cause for Appellant's arrest, and therefore any evidence seized as a result thereof was illegally obtained. The trial court erred in denying Appellant's motion to suppress the evidence seized from Appellant.

**Argument**

Justin Flanery of the Austin Police Department was Appellant's arresting officer. His testimony as to his reasons for arresting Appellant lacked credibility, contradicting his own testimony, testimony of other witnesses, and the information provided to him by other police officers. The arresting officer was incorrect in stating that there was an outstanding warrant for Appellant's arrest. There was insufficient evidence to support the arresting officer's conclusory statement that Appellant possessed a marijuana cigarette.

At one point he testified that Appellant's mother (who initially called the police) said she saw Appellant with a gun (Reporter's Record v.2 p.18). He later testified that she told him "her husband saw [Appellant] with at her house yesterday." (Reporter's Record v.2 p.57).

The officer testified that he spoke with Appellant's mother before detaining Appellant. (Reporter's Record v.2 p.23) and that she pointed out her son to the

officer: "Question: So she actually put eyes on the vehicle and told you, 'That's his vehicle?' Answer: Yes." (Reporter's Record v.2 p.26). He later testified that he detained Appellant before ever speaking with Appellant's mother (v.2 p.58).

The officer testified that his department's Computer Aided Dispatch (CAD) confirmed that there was an active warrant for Appellant's arrest (Court Reporter's Record v.2 pp.32-33), but later testified that there was in fact no such confirmation, or any indication of a warrant in the CAD report (Reporter's Record v.2 pp. 50 and 62).

James Hyatt, an Austin Police Department officer who investigated the robbery, testified that the witnesses saw the robber "get into a black Jeep Liberty and leave the scene." (Reporter's Record v.2 p. 13). The arresting officer testified that, based on the CAD report, "All's we got was a black male in a black SUV." (Reporter's Record v.2 p. 18). He testified that this was later updated to a black Ford Explorer (Reporter's Record v.2 pp.44 and 53). Nonetheless, he testified that he was looking for a black Suburban (Reporter's Record v.2.p.20). He found Appellant in a Ford Explorer (Reporter's Record v.2 p.57).

Officer Flanery testified that, when he first observed Appellant with a hand rolled cigarette in his hand, he couldn't determine if it was marijuana or tobacco

(Reporter's Record v.2 pp.28 and 61-61). He also testified that he detected a "moderate whiff" of marijuana." (Reporter's Record v.2 pp.28-29). Officer Flanery's statement that "from [his] training and experience [he] know[s] how [marijuana] looks and smells" (reporter's Record v.2 p. 28) was not supported by any evidence, provided through Officer Flanery or any other witness.

The arresting officer's testimony was contradictory about what he was told and what he observed regarding Appellant and Appellant's vehicle. It was contradictory about whom he talked to and when. His testimony about why he arrested Appellant was shown to be incorrect and insufficient to provide probable cause for Appellant's arrest.

The United States Supreme Court has consistently held "that evidence seized during an unlawful search could not constitute proof against the victim of the search". *Wong Sun v. United States*, 371 U.S. 471,484 (1963), citing *Weeks v. United States*, 232 U.S. 383 (1914). "The essence of a provision forbidding the acquisition of evidence in a certain way is that not merely evidence so acquired shall not be used before the Court but that it shall not be used at all." *Silverthorne Lumber Co. v. United States*, 251 U.S. 385,392 (1920).

"An officer has probable cause when he has knowledge of facts that would lead a reasonable person to believe that the suspect has committed a crime or will soon do so." *State v. Story*, Tex. Crim. App. NO. PD-0590-13, at 8 (Tex.Crim.App. October 15, 2014), citing *Neal v. State*, 256 S.W.3d 264, 280 (Tex. Crim. App. 2008). In this case, the arresting officer lacked credibility and his knowledge of Appellant's possession of marijuana was unsupported by any evidence that he possessed the knowledge or skills to make such a determination. . Further, his knowledge of any outstanding warrant(s) for Appellant's arrest was, by his own testimony, incorrect.

## PRAYER FOR RELIEF

WHEREFORE, Appellant prays this Court grant the request, and reverse the trial court's denial of Appellant's Motion to Suppress Evidence, reverse the judgment and sentence of the trial court, and remand the case to the trial court for a new trial. Appellant further requests any and all such other relief to which he may be entitled.

Respectfully submitted,

John S. Butler

ATTORNEY FOR APPELLANT
700 Lavaca Street, Suite 1400
Austin, Texas 78701
Telephone (512) 472-3887
Facsimile   (512) 233-1787
STATE BAR #03526150

## CERTIFICATE OF COMPLIANCE

As Attorney of Record for Appellant, I do hereby certify that this document contains 1,641 words, as determined by Microsoft Word 2010, the computer program used to prepare the document.

Date: January 15, 2015

JOHN S. BUTLER
Attorney for Appellant

## CERTIFICATE OF SERVICE

As Attorney of Record for Appellant, I do hereby certify that a true and correct copy of this Appellant's Brief was this date provided to the District Attorney of Travis County, Texas, via U.S. Mail to the following address:

Rosemary Lehmberg
Travis County District Attorney
Appellate Section
PO Box 1748
Austin, Texas 78767

Date: January 15, 2015

JOHN S. BUTLER
Attorney for Appellant